**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF SOUTH CAROLINA**
**GREENVILLE DIVISION**
**CASE NUMBER: 6:26-cv-00806-JDA-MGB**

| | |
|---|---|
| Don Michael Burdette, pro se,<br>Plaintiff,<br>v.<br>Progressive Direct Insurance Company,<br>Defendant. | **DEFENDANT'S RESPONSE IN OPPOSITION TO PLAINTIFF'S MOTIONS TO REMAND** |

Defendant Progressive Direct Insurance Company ("Progressive"), by and through its undersigned counsel, respectfully submits its Memorandum in Opposition to Plaintiff's Motions to Remand, filed as Docket Numbers 9, 13, and 16, and requests that this Court deny these Motions to Remand and retain jurisdiction of this action. Progressive will address any additional motions filed by Plaintiff, including those with overlapping allegations, in a separate motion.

**SUMMARY**

The Plaintiff filed this breach of contract and bad faith action against Progressive in the Greenville County Court of Common Pleas, alleging Progressive wrongfully failed to pay benefits under an insurance policy issued to him by Progressive. In his Amended Complaint filed in state court, Plaintiff alleged his damages totaled $233,500.00, in addition to punitive damages, attorney's fees, and costs. Progressive removed the action to this Court on the basis of diversity jurisdiction pursuant to Title 28 U.S.C. § 1332(a)(1), alleging the amount in controversy was satisfied based on the damages alleged in Plaintiff's Amended Complaint.

Plaintiff now attempts to stipulate that his damages do not exceed $74,999.00 and, on this basis, requests that this Court remand the action to state court for a lack of subject matter jurisdiction. (ECF No. 9). However, Plaintiff cannot now divest the Court of its jurisdiction by

filing a post-removal stipulation attempting to reduce his alleged damages below that which he alleged in his Amended Complaint, i.e., $233,500. Moreover, Plaintiff has filed additional motions for summary judgment and/or to dismiss while simultaneously requesting the case be remanded to state court, thereby taking inconsistent positions regarding the relief he is requesting from this Court. (ECF No. 13; ECF No. 16). Therefore, this Court should deny Plaintiff's Motions to Remand, filed as Docket Numbers 9, 13, and 16, and retain jurisdiction of this action.

## FACTUAL BACKGROUND

Plaintiff commenced this breach of contract and bad faith action against Progressive on February 10, 2026, in the Court of Common Pleas for Greenville County, South Carolina, Civil Action No. 2025-CP-23-08278. (ECF No. 1-1, Pl.'s Amended Compl.). In his Amended Complaint, Plaintiff alleges he sustained damages in the amount of $233,500.00, including punitive damages, attorney's fees, and costs. (*Id.* ¶¶ V.1-V.2). Plaintiff did not amend his complaint to limit his damages to not exceed $75,000.00 prior to the date of removal. (*Id.*).

On February 26, 2026, Progressive removed this action to this Court on the basis of diversity jurisdiction pursuant to 28 U.S.C. § 1332(a), alleging that the amount in controversy exceeded $75,000.00 based on the Plaintiff's allegations that he is entitled to $233,500.00 along with punitive damages. ((ECF No. 1, Def.'s Notice of Removal ¶ 3). That same day, Progressive filed the required Notice of Removal with the Greenville County Court of Common Pleas, which was acknowledged by the judge presiding over that action. (Notice of Removal to District Court, *Don M. Burdette v. Progressive Direct Ins. Co.*, No. 2025-CP-23-08728, (S.C. Ct. C.P. Feb. 26, 2026); Acknowledgment of Removal of Filing of Removal, *Id.*).

On March 11, 2026, Plaintiff filed an "Emergency Notice of Mandatory Remand for Lack of Subject Matter Jurisdiction" with this Court, alleging that, based on his "Amended

Notice of Demand," the Court no longer had subject matter jurisdiction over this action. (ECF No. 9, Pl.'s Emergency Notice of Mandatory Remand for Lack of Subject Matter Jurisdiction, at p. 1).[1] Then, on March 17, 2026, Plaintiff filed an additional Motion to Remand, requesting that this Court remand the action to state court on the basis that Plaintiff stipulates that his damages, including his claims and costs, do not exceed $74,999.00, such that the amount in controversy requirement of 28 U.S.C. § 1332(a) is no longer satisfied. (ECF No. 13, Pl.'s Mot. to Remand).

On March 18, 2026, Plaintiff filed an "Emergency Motion to Dismiss for Fraud Upon the Court and Violation of 28 U.S.C. § 1446(d)," requesting, in part, that this Court remand the case to state court. (ECF No. 14, Pl.'s Emergency Mot. to Dismiss). The same day, Plaintiff filed an additional "Motion for Summary Judgment and Remand," alleging Progressive removed the action in bad faith, stating that Plaintiff stipulates his damages are $74,999.00, and requesting this Court remand this action to state court and enter judgment in favor of Plaintiff in the amount of $74,999.00 on the basis of his bad faith claim. (ECF No. 16, Pl.'s Mot. for Summary Judgment and Mot. to Remand). On March 19, 2026, Plaintiff filed an "Affidavit of Financial and Residential Hardship," testifying regarding his living situation, and requesting that the Court remand the case to state court. (ECF No. 15, Aff. of Burdette).

Plaintiff's post-removal attempts to limit the amount in controversy cannot divest this Court of jurisdiction. Nor do they establish that the amount in controversy in this case will not

[1] On February 27, 2026, Plaintiff filed a "Notice of Amended Demand" in the Greenville County Court of Common Pleas, alleging that he was amending the damages sought in his "Prayer for Relief" to $74,999.00. (Pl's Notice of Amended Demand, *Don Michael Burdette v. Progressive Direct Ins. Co.*, No. 2025-CP-23-08278 (S.C. Ct. C.P. Feb. 27, 2026)). Plaintiff's attempt to file an additional motion for amended damages in state court is not effective to reduce the amount in controversy without leave of the court or consent of the parties. Fed. R. Civ. Pro., Rule 15(a); SCRCP, Rule 15(a). Further, Plaintiff's Motion for Remand before this Court does not allege that he seeks to amend his Amended Complaint. (Pl's Mot. to Remand, at p.1). Therefore, Plaintiff's Motions to Remand appear to be based on his alleged "stipulation," which he incorporated into his Motions to Remand. (*Id.*).

exceed $75,000.00. Therefore, Progressive respectfully requests that this Court deny Plaintiff's Motions to Remand, filed as Docket Numbers 9, 13, and 16, and retain jurisdiction over this action.

## **ARGUMENT**

Plaintiff takes inconsistent positions regarding whether he is requesting this Court to enter judgment against Progressive or remand this action to State Court for lack of subject matter jurisdiction. Nevertheless, because "subject matter jurisdiction may be raised at any time," *Wiggins v. State Farm Mut. Auto. Ins. Co.,* 684 F. Supp. 3d 452, 455 (D.S.C. 2023), Progressive addresses Plaintiff's motions for remand as described above and requests that this Court deny Plaintiff's motions and maintain jurisdiction over this action.

At the time Progressive removed this action to federal court, Plaintiff alleged damages in the amount of $233,500.00, including punitive damages, attorney's fees, and costs. (ECF No. 1-1, Pl.'s Amended Compl. ¶¶ V.1-V.2). Therefore, 28 U.S.C. § 1332(a)'s amount in controversy requirement was satisfied at the time Progressive removed this action, and plaintiff cannot now defeat diversity jurisdiction through a post-removal stipulation attempting to limit the amount in controversy.

Where the plaintiff has plainly stated an amount in controversy in its complaint, it has been repeatedly held that "[a] plaintiff in a removal action may not defeat diversity jurisdiction by filing a post-removal amended complaint reducing the amount of damages sought." *Woodward v. Newcourt Com. Fin. Corp.*, 60 F. Supp.2d 530, 531 (D.S.C. 1999). *E.g., JTH Tax, Inc. v. Frashier*, 624 F.3d 635, 638 (4th Cir. 2010); *Williams v. La Petite Acad., Inc.*, No. 2:22-CV-00746-RMG, 2022 WL 1439040, at *2 (D.S.C. May 5, 2022); *Clear Choice Constr., LLC v. Travelers Home & Marine Ins. Co.*, No. CV 0:17-1890-MBS, 2018 WL 718960, at *4 (D.S.C.

Feb. 6, 2018); *Brailsford v. Fresenius Med. Ctr. CNA Kidney Centers LLC*, No. 2:15-CV-04012-DCN, 2017 WL 1214337, at *5 (D.S.C. Apr. 3, 2017); *Meadows v. Nationwide Mut. Ins. Co.*, No. 1:14-CV-04531-JMC, 2015 WL 3490062, at *3 (D.S.C. June 3, 2015).

Thus, "[i]f the plaintiff claims a sum sufficient to satisfy the statutory requirement, a federal court may dismiss only if 'it is apparent, to a legal certainty, that the plaintiff cannot recover the amount claimed.'" *JTH Tax, Inc. v. Frashier*, 624 F.3d 635, 638 (4th Cir. 2010) (quoting *St. Paul Mercury Indem. Co. v. Red Cab Co.*, 303 U.S. 283, 288 (1938)). "The only relevant factor is the amount in controversy at the time the case is removed." *Woodward*, at 533 n.7. "If the plaintiff did not limit by agreement the amount of damages being sought **before** removal, the plaintiff should not be allowed to limit damages, after removal, so as to defeat jurisdiction." *Id.* (emphasis added). "To allow a post-removal limitation of damages to defeat jurisdiction gives a plaintiff an opportunity to judge shop when that same plaintiff could have avoided removal in the first place by doing before removal what he now wishes to do after removal, *i.e.*, limit damages." *Id.*

At the time Progressive removed this action, Plaintiff's Amended Complaint alleged his damages amounted to $233,500.00, including punitive damages, attorney's fees, and costs. (ECF No. 1-1, Pl.'s Compl. ¶¶ V1-V.2). This amount exceeds $75,000.00 and meets the amount in controversy requirement set forth in 28 U.S.C. § 1332 (a)(1). *See Woodward*, 60 F. Supp.2d at 532 (noting the plaintiff's "claim for punitive damages alone makes it virtually impossible to say that the claim is for less than the jurisdictional amount"). At no time before the removal did Plaintiff attempt to limit his damages by agreement or by a properly filed second amended complaint. Plaintiff had the opportunity to limit his damages pursuant to South Carolina Rules of Civil Procedure, Rule 8(a), but chose not to do so. *See Woodward,* at 533, n.7 (holding that a

plaintiff cannot defeat diversity jurisdiction through a post-removal pleading, in part, because she had the opportunity to limit the amount in controversy in her complaint pursuant to Rule 8(a), SCRCP). Plaintiff cannot now avoid the removal by attempting to limit his damages through a post-removal stipulation. *Id.* Therefore, Plaintiff's Motions to Remand, filed as Docket Numbers 9, 13, and 16, should be denied and this Court should find that the amount in controversy requirement has been met such that diversity jurisdiction is proper under 28 U.S.C. § 1332.

## **CONCLUSION**

For the foregoing reasons, 28 U.S.C. § 1332(a)'s amount in controversy requirement is satisfied. At the time of removal, Plaintiff's Amended Complaint alleged damages exceeding $75,000.00, and included punitive damages allegations. Therefore, Progressive respectfully requests that the Court deny Plaintiff's Motions to Remand, filed as Docket Numbers 9, 13, and 16, and retain jurisdiction of this action.

MURPHY & GRANTLAND, P.A.

*s/ J.R. Murphy*
J. R. Murphy, Esquire
Federal I.D. No. 3119
P.O. Box 6648
Columbia, SC 29260
T: 803-782-4100
jrmurphy@murphygrantland.com
Attorney for Defendant, Progressive Direct
Insurance Company

Columbia, South Carolina
March 24, 2026