IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
GREENVILLE DIVISION

RECEIVED
USDC. CLERK GREENVILLE.
2026 MAR 25 PM 3:02

DON MICHAEL BURDETTE, Pro Se, Plaintiff,
v.
PROGRESSIVE DIRECT INSURANCE COMPANY, Defendant.
Case No. 6:26-cv-00806-JDA

NOTICE TO THE CLERK OF COURT: MANDATORY ENTRY OF DEFAULT
TO THE CLERK:

I am submitting this formal notice to clarify the mandatory nature of the Entry of Default in the above-captioned case. Under Federal Rule of Civil Procedure 55(a), the Clerk must enter a party's default when that party has failed to plead or otherwise defend within the time allowed by the Federal Rules.

Please note the following critical timeline of the Defendant's failure to plead:

THE REMOVAL (Feb 26, 2026): The Defendant removed this case to Federal Court.

THE MANDATORY DEADLINE (March 5, 2026): Under Fed. R. Civ. P. 81(c)(2)(C), the Defendant had exactly 7 days to file a Federal responsive pleading.

THE FAILURE TO PLEAD: The Defendant failed to file a Federal Answer by the March 5 deadline. The "State Court Answer" attached to their Removal PDF is a historical record of a lower court and does not satisfy the requirement for a Federal Pleading.

THE 18-DAY SILENCE: The Defendant remained silent for eighteen (18) days past their mandatory Federal deadline.

THE FILING OF DEFAULT (March 23, 2026): I filed my Request for Entry of Default before any Federal Answer was of record.

THE LAW:
A late filing by a Defendant does not cure a default that has already occurred. The Defendant was 18 days late as of the filing of my Request for Default. I have also filed a Binding Stipulation capping all damages at $74,999.00, which is reflected in my Proposed Order for Default Judgment submitted herewith.

I respectfully request that the Clerk perform the ministerial duty of entering this Default and providing the associated paperwork to Judge Austin's chambers immediately.
Respectfully,
Don Michael Burdette, Pro Se March 25, 2026

Don M. Burdette Pro Se