RECEIVED
USDC. CLERK GREENVILLE
2026 APR 22 PM 12: 20

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
(GREENVILLE DIVISION)
DON MICHAEL BURDETTE, Plaintiff,
v.
PROGRESSIVE DIRECT INSURANCE COMPANY, Defendant.
CASE NO: 6:26-cv-00806-JDA-MGB

PLAINTIFF'S FORMAL OBJECTIONS TO THE MAGISTRATE'S REPORT AND RECOMMENDATION

Now comes the Plaintiff, Don Michael Burdette, Pro Se, to formally object to the Report and Recommendation (R&R) issued by Magistrate Judge Mary Gordon Baker.

The Plaintiff moves the Court to reject the R&R and instead finalize the Remand and Default Judgment based on the following facts:

1. THE "MASTER OF THE COMPLAINT" DOCTRINE

Under both South Carolina and Federal Law, the Plaintiff is the "Master of the Complaint." I have the absolute legal right to stipulate to damages and limit my recovery to $74,999.00.

The Magistrate's R&R ignores my fundamental right to control my own claim.

2. THE JURISDICTIONAL CLOCK (10:30 AM)

The Magistrate claims Federal jurisdiction exists. Fact: At 10:30 AM—prior to removal—I clocked in a binding stipulation in the Greenville County Court capping this case at $74,999.00. I also clocked this same stipulation into the Federal Court record. The clock proves jurisdiction was dead on arrival.

3. DEFENDANT'S THREAT TO "BURY" THE PLAINTIFF

Progressive has acted in bad faith from the start. Representatives for the Defendant explicitly threatened the Plaintiff, stating that if this matter were taken to court, they would "bury me in paperwork." This is exactly what has occurred. They sat silent for three weeks after removal, doing nothing until I filed my March 25th Default. Only then did they execute their threat, dumping a massive amount of paperwork at the last possible second to stall justice and harass a Pro Se litigant.

4. ACTUAL NOTICE AND BAD FAITH

Progressive had "Actual Notice" of the $74,999.00 cap because it was in the Federal record.

Furthermore, the attached rebuttal to Mr. Tidmore proves they lied about my comprehensive coverage on the 1996 American Tradition RV. Equity does not assist those who come to court with "dirty hands" to carry out threats against policyholders.

CONCLUSION

The Magistrate's R&R rewards the Defendant for their delay tactics and for following through on their threat to "bury" the Plaintiff in paperwork. I respectfully request that Judge Austin REJECT the R&R and Remand this case to Greenville Case 2025-CP-23-08278 for execution of the $74,999.00 judgment.

Respectfully Submitted,

Don Michael Burdette, Pro Se 717 Lowndes Hill Road
Greenville, SC 29607
(864) 712-2439

Don M Burdette Pro Se

RECEIVED
USDC, CLERK GREENVILLE
2026 APR 22 PM 12: 20

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA (GREENVILLE DIVISION)
DON MICHAEL BURDETTE, Plaintiff, v. PROGRESSIVE DIRECT INSURANCE COMPANY, Defendant.
CASE NO: 6:26-cv-00806-JDA-MGB
PLAINTIFF'S FORMAL OBJECTIONS TO MAGISTRATE'S R&R: NOTICE OF FACTUAL AND LEGAL ERRORS

Now comes the Plaintiff, Don Michael Burdette, Pro Se, to formally object to the Report and Recommendation (R&R) issued on April 9, 2026. The Plaintiff moves to REJECT the R&R based on the following:

1. THE "MASTER OF THE COMPLAINT" DOCTRINE Under Caterpillar Inc. v. Williams, 482 U.S. 386 (1987), the Plaintiff is the "master of the claim" and may avoid federal jurisdiction by limiting the recovery. The Plaintiff's 10:30 AM binding stipulation of $74,999.00—already part of the record—divested this Court of jurisdiction before removal was perfected. The Magistrate's R&R fails to apply this controlling Supreme Court precedent.

2. DEFENDANT'S THREE-WEEK SILENT DEFAULT The Defendant removed this case and sat in silent default for 21 days in violation of FRCP Rule 12(a)(1). The Defendant only appeared AFTER the Plaintiff filed for Default on March 25th. This delay was a fulfillment of the Defendant's explicit threat to "bury the Plaintiff in paperwork." 3. REBUTTAL OF CHARACTER ASSASSINATION The Defendant has attempted to distract the Court from its legal failures by falsely labeling the Plaintiff as "irate." These are "scandalous" allegations under FRCP Rule 12(f) and should be disregarded. The Plaintiff has simply demanded that the Court honor the 10:30 AM clock-stamp and the substantive facts regarding his insurance coverage.

CONCLUSION Because the jurisdictional limit was set at $74,999.00 prior to removal, this Court lacks subject matter jurisdiction. The Plaintiff respectfully requests that Judge Austin REJECT the R&R and REMAND this case to Greenville County Case 2025-CP-23-08278.

Respectfully Submitted,

Don Michael Burdette, Pro Se 717 Lowndes Hill Road, Greenville, SC 29607

Don Burdette Pro Se

RECEIVED
USDC, CLERK GREENVILLE
2026 APR 22 PM 12: 20

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA (GREENVILLE DIVISION)
DON MICHAEL BURDETTE 🔨, Plaintiff,
v.
PROGRESSIVE DIRECT INSURANCE COMPANY, Defendant.
CASE NO: 6:26-cv-00806-JDA-MGB
RE: GREENVILLE COUNTY CASE NO: 2025-CP-23-08278
TO: THE HONORABLE JUDGE JACQUELYN D. AUSTIN
RE: PLAINTIFF'S FORMAL REBUTTAL TO MAGISTRATE'S ERRONEOUS R&R

Dear Judge Austin,

The Magistrate's Report and Recommendation (R&R) issued on April 9th is fundamentally flawed and must be rejected. The Magistrate is attempting to "set aside" a default and put Progressive back into this case despite a consistent, documented history of Bad Faith and missed legal deadlines that began the moment my loss occurred on July 15, 2025.

1. THE MAGISTRATE IS REWARDING DEFAULT

Progressive ignored this case for 21 days after removal. Under FRCP Rule 12(a)(1), they had a deadline to answer. They missed it. They only crawled back to this Court after I filed for Default on March 25th. The Magistrate's R&R ignores these rules to accommodate a billion-dollar corporation that thinks it is above the law.

2. PATTERN OF BAD FAITH (SINCE JULY 15, 2025)

This is not a "simple mistake" by Progressive. Since the electrical damage to my RV on July 15, 2025, Progressive has lied about my coverage and threatened to "bury me in paperwork." The Magistrate's recommendation to let them back in is an endorsement of this harassment. Equity cannot assist a party with "Dirty Hands."

3. THE JURISDICTIONAL WALL (THE 10:30 AM CLOCK)

The Magistrate has no authority to make recommendations on a case where jurisdiction does not exist. My binding stipulation of $74,999.00 was clocked in at 10:30 AM—before removal was perfected. Per Caterpillar Inc. v. Williams, 482 U.S. 386 (1987), I am the Master of the Complaint. The amount is under $75,000; therefore, this Court's only legal move is to remand.

CONCLUSION

Magistrate Baker's R&R is wrong on the facts and wrong on the law. It rewards Progressive for lying and missing deadlines. I respectfully request that you REJECT the R&R in its entirety and REMAND this case to Greenville County for the execution of my judgment.

Respectfully Submitted,

Don Michael Burdette 🔨, Pro Se
717 Lowndes Hill Road, Greenville, SC 29607

Don Burdette (Pro Se)