**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF SOUTH CAROLINA**
**GREENVILLE DIVISION**
**CASE NUMBER: 6:26-cv-00806-JDA-MGB**

Don Michael Burdette, pro se,
Plaintiff,
v.

Progressive Direct Insurance Company,

Defendant.

**DEFENDANT'S MOTION FOR PLAINTIFF TO CEASE AND DESIST**

Defendant Progressive Direct Insurance Company ("Progressive"), by and through its undersigned counsel, respectfully submits its Motion requesting that this Court order Plaintiff to cease and desist sending Defendant fraudulent orders and representations that such orders have been entered, and to impose sanctions striking Plaintiff's Complaint if Plaintiff fails to comply with such order.[1]

## FACTUAL AND PROCEDURAL BACKGROUND

On February 10, 2026, Plaintiff commenced this breach of contract and bad faith action against Progressive in the Court of Common Pleas for Greenville County, South Carolina, Civil Action No. 2025-CP-23-08278. (ECF No. 1-1, Pl.'s Amended Compl.). Progressive removed this action to federal court on February 26, 2026, filing its Answer the same day. (ECF Nos. 1; 2).

On April 4, 2026, the Magistrate Court issued a Report and Recommendation denying Plaintiff's various motions for Remand, Default Judgment, and Summary Judgment. (ECF No. 31). Plaintiff filed an objection to the Report and Recommendation on April 22, 2026. (ECF No.

[1] Pursuant to Local Rule 7.04, a full explanation of the Motion is set forth herein and no supporting memorandum is required. Local Civ. Rule 7.04 (D.S.C.).

36). On May 5, 2026, Progressive responded to Plaintiff's objections and requested this Court to accept the Report and Recommendation of the Magistrate Court. (ECF No. 40).

However, beginning on April 27, 2026, Plaintiff began sending emails to Progressive representing that this Court issued an order entering judgment against Progressive, copying the purported substance of those alleged orders in his emails, and even sending Progressive PDF copies of an order allegedly signed by the Honorable Jacqueline D. Austin. The Plaintiff sent the following emails containing such representations, full and complete copies of which are attached hereto as Exhibits A through H:

- April 27, 2026, at 10:45 AM: Plaintiff emailed Progressive's counsel asserting "Entry 41," that had been "signed by Judge Austin," is the "final Order of Remand and Entry of Default Judgment for the amount of $74,999.00" and "demanding these funds be issued via wire transfer to my account immediately . . . ." Plaintiff also stated that if the wire transfer was not completed by 10:00 am the following day, he would "proceed with a full legal execution of the judgment and put the law on this matter to enforce collection." (Ex. A, April 27, 2026, 10:45 AM email).
- April 27, 2026, at 10:47 PM: Plaintiff emailed Progressive's counsel asserting an "Order of Remand and Default Judgment (Order #36)" had been "entered by the Honorable Jacquelyn D. Austin on April 14, 2026" and that the "federal record" had been transferred "to the Greenville County Court of Common Pleas" on April 27, 2026. Plaintiff also demanded "immediate satisfaction of the judgment in the amount of $74,999.00" through electronic transfer. (Ex. B, April 27, 2026, 10:47 PM email).

- April 30, 2026, at 6:22 PM: Plaintiff emailed Progressive's counsel stating he is "serving" the "official record" on Progressive at its request for copies of the above-referenced orders. Plaintiff stated an "Order of Remand and Entry of Default (Case No. 6:26-cv-00806-JDA)" was attached; that "[t]his order was signed by The Honorable Jacqueline D. Austin on March 30, 2026;" that the order "bears the federal CM/ECF header confirming it was officially entered into the record on April 14, 2026, at 11:34 AM EDT;" that "[t]he court has GRANTED the judgment in the amount of $74,999.00;" and that the case had been remanded to the Greenville County Court of Common Pleas. Plaintiff further stated, "[g]iven that Judge Austin has already signed this Order of Remand and entered the Default Judgment, this order precedes and supersedes any pending motions. There is no need for your office to file an opposition to my opposition to the R&R, as those federal proceedings are now moot. I am providing this signed copy to you today, April 30, 2026, so there is no ambiguity when I appear at the Greenville County Courthouse tomorrow, Friday, to enroll this judgment." (Ex. C, April 30, 2026, 6:22 PM email).
- April 30, 2026, at 6:31 PM: Plaintiff emailed Progressive's counsel purporting to provide the text of an "official record" of the above-referenced "signed judicial orders," and bearing the electronic signature of the Honorable Jacqueline D. Austin. (Ex. D, April 30, 2026, 6:31 PM email to Progressive's counsel).
- April 30, 2026, at 11:07 PM: Plaintiff emailed Progressive's counsel a PDF document entitled "Notice of Filing and Remand – Burdette v. Progressive V2 (2).pdf." This document purports to be an "Order of Remand and Entry of Default"

and bears the signature of the Honorable Jacqueline D. Austin. (Ex. E, April 30, 2026, email attaching Purported Order; Ex. D Purported Order).

- May 5, 2026, at 8:45 PM: Plaintiff emailed Progressive's counsel stating he is following up "on the Final Mandate issued by the United States District Court on May 4, 2026, regarding Case No. 6:26-cv-00806, which has now been remanded to the Greenville County Court of Common Pleas under Case No. 2025-CP-23-08278." Plaintiff represented the "court's ECF system indicates that [Progressive] was electronically served with the Final Mandate and Order of Remand on May 4, 2026 at 10:14 AM." Plaintiff further represented that "the Federal Court has finalized the matter of the default, and Judge Simmons is currently finalizing the order for the $74,999.00 judgment in Greenville" and asked "when Progressive intends to satisfy this debt." Plaintiff additionally stated, "if I do not receive confirmation of payment arrangements, I am prepared to proceed with a Writ of Execution and the necessary bank levies to satisfy the judgment." (Ex. F, May 5, 2026, email).

The undersigned counsel for Progressive emailed Plaintiff on May 6, 2026, informing him that there is no such order and requesting that Plaintiff cease sending false representations that such an order has been issued. (Ex. G, May 6, 2026, Email to Plaintiff). On May 7, 2026, at 2:24 AM Plaintiff responded by insisting the order exists and again representing that a May 4, 2026 "Final Order of Remand" had been issued which "the Honorable Jacqueline D. Austin signed" that "entered a default judgment" of $74,999.00 against Progressive." (Ex. H).

**ARGUMENT**

Plaintiff's communications and purported orders were never signed or entered as judgments by this Court. Rather, Plaintiff appears to have created these orders himself and has used the Honorable Jacqueline D. Austin's signature in an attempt to authenticate these fake orders. Moreover, despite Progressive's requests that Plaintiff cease making such representations, he nevertheless continues to assert these "orders" exist and that payment must be issued to him.

Progressive thereby requests that this Court issue an order to Plaintiff to cease and desist from making such false and fraudulent representations pursuant to its inherent powers to manage its proceedings and conduct of those appearing before it. *Chambers v. NASCO, Inc.*, 501 U.S. 32, 33 (1991) ("Federal courts have the inherent power to manage their own proceedings and to control the conduct of those who appear before them"); 18 U.S.C. § 505 (1994) (forgery of judge or court officer's signature for the purpose of authenticating any document knowingly may result in a prison sentence or fine); 18 U.S.C. § 912 (falsely assuming or pretending to be an officer acting under the authority of the United States or any department, agency, or officer and, in acting on such pretended character, demands money may result in a prison sentence or fine).

Further, if Plaintiff refuses to cease and desist from sending such fraudulent orders and false representations, Progressive requests that this Court sanction Plaintiff by striking his Complaint. *United States v. Shaffer Equip. Co.*, 11 F.3d 450, 461 (4th Cir. 1993) (holding a court's inherent power to dismiss a case "is organic, without need of a statute or rule for its definition, and it is necessary to the exercise of all other powers"); *Projects Mgmt. Co. v. Dyncorp Int'l LLC*, 734 F.3d 366, 375 (4th Cir. 2013) (citing *Shaffer Equip. Co.* in affirming dismissal of action due to discovery violations); *see also Toney v. LaSalle Bank Nat. Ass'n*, 896 F. Supp. 2d 455, 464 (D.S.C. 2012), *aff'd*, 512 F. App'x 363 (4th Cir. 2013) ("Rule 11 governs both attorneys and pro se litigants.").

## CONCLUSION

For the reasons stated above, Progressive respectfully requests that this Court order Plaintiff to cease and desist from sending false and fraudulent representations to Progressive purporting that this Court has entered an order which it has not. If Plaintiff does not comply with this order, Progressive requests that this Court strike Plaintiff's Complaint as a sanction for this conduct.

MURPHY & GRANTLAND, P.A.

*s/ J.R. Murphy*
J. R. Murphy, Esquire
Federal I.D. No. 3119
P.O. Box 6648
Columbia, SC 29260
T: 803-782-4100
jrmurphy@murphygrantland.com
Attorney for Defendant Progressive Direct
Insurance Company

Columbia, South Carolina
May 15, 2026