**SILVER PLATTER / EQUITY COURT STRATEGY:**
This response relies on the "Document 14" CM/ECF transmittal header as direct proof of official court origin. It incorporates the jurisdictional history (the $74,999 limit) and the Plaintiff's proactive communication with chambers to demonstrate total good faith and absence of fraud.

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF SOUTH CAROLINA**
**GREENVILLE DIVISION**

RECEIVED
USDC. CLERK GREENVILLE.
2026 MAY 18 AM 11:39

DON MICHAEL BURDETTE,
Plaintiff Pro Se,

vs.

PROGRESSIVE DIRECT INSURANCE COMPANY,
Defendant.

Case No: 6:26-cv-00806-JDA-MGB

**PLAINTIFF'S RESPONSE IN OPPOSITION TO DEFENDANT'S MOTION FOR SANCTIONS**

## RESPONSE AND NOTICE TO THE COURT

Plaintiff Pro Se, Don Michael Burdette, respectfully submits this response to clarify the record and oppose the Defendant's Motion for Sanctions (Entry No. 42). The Plaintiff relies on the following evidence of official court transmission:

## I. EVIDENCE OF OFFICIAL COURT TRANSMISSION (DOCUMENT 14)

The Plaintiff denies the Defendant's allegations of "fraudulent representation." The Plaintiff is in possession of an official PDF of the **Order of Remand and Entry of Default dated March 30, 2026**, signed by the **Honorable Jacqueline D. Austin**. Crucially, this document contains the following official CM/ECF header: **FILED 03/30/26 CASE 6:26-cv-00806-JDA DOCUMENT 14**.

This header is an electronic document stamp generated by the Federal Court's own system. The Plaintiff's reliance on a document bearing a formal "Document 14" designation constitutes total good faith. If this document is not appearing on the public docket, it is a clerical matter for the Court to resolve, not a basis for sanctions against a Pro Se litigant who is simply following the paperwork provided by the system.

## II. JURISDICTIONAL HISTORY AND CONSISTENCY

The Plaintiff has maintained consistency regarding the value of this claim. To ensure this matter remained in State Court, the Plaintiff capped damages at **$74,999.00**. The Defendant chose to remove this matter to Federal Court. The signed Order in the Plaintiff's possession (Document 14) awards exactly **$74,999.00**, aligning perfectly with the Plaintiff's original filings. This consistency demonstrates that the Plaintiff is seeking equity, not attempting to deceive the Court.

## III. PROACTIVE GOOD FAITH COMMUNICATION

Further proving his good faith, the Plaintiff reached out to the **Judge's secretary on May 14, 2026,** to report the discrepancy between his signed copy and the Clerk's verbal statements. This proactive attempt to "fix all this" occurred before the Defendant's motion was filed. Under **Federal Rule of Civil Procedure 11(b)**, the Plaintiff certifies that his actions are well-grounded in the facts and the documentation in his possession.

## IV. CONCLUSION

Based on the official transmittal of Document 14 and the Plaintiff's transparency with the Court, the Defendant's Motion for Sanctions should be denied in its entirety.

Respectfully submitted,

**Don Michael Burdette, Pro Se**
717 Lowndes Hill Road
Greenville, South Carolina 29607
May 15, 2026