RECEIVED
USDC, CLERK GREENVILLE, SC

2026 MAY 18 AM 11:40

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
GREENVILLE DIVISION
DON MICHAEL THACKER BURDETTE,
Plaintiff, Pro Se,
v.
PROGRESSIVE DIRECT INSURANCE COMPANY,
Defendant.

CASE NO.: 6:26-cv-00806
PLAINTIFF'S RESPONSIVE MEMORANDUM, FORMAL APOLOGY TO THE COURT, AND MOTION FOR PROTECTIVE ORDER
NOW COMES the Plaintiff, Don Michael Thacker Burdette, appearing Pro Se, and respectfully submits this responsive memorandum to present a formal apology to this Honorable Court and to clear up the procedural history regarding the March 30, 2026 paperwork. Plaintiff states the following:

Formal Apology to the Court: Plaintiff wishes to extend his deepest and most sincere apologies to Chief Judge Austin, the administrative staff of the Clerk of Court, and opposing counsel for any confusion, administrative disruption, or procedural burden caused by the paperwork in question.
As a Pro Se litigant, Plaintiff holds the rules and the integrity of this Court in the highest regard and deeply regrets any misunderstanding.

The Physical Facts of the Stamping: On March 30, 2026, Plaintiff was physically present at the courthouse. The Clerk of Court took his document, physically applied a time stamp to it, and handed it back to him. Operating without a lawyer, Plaintiff relied completely on that physical act by court staff as a sign that the paperwork was processed, and had zero intent to circumvent court rules.

Pre-Litigation Origin of the $74,999.00 Valuation: Defendant's counsel has accused the Plaintiff of "fraud" based on the $74,999.00 figure in the default judgment paperwork. Plaintiff explicitly states that this conversation took place prior to active litigation, on the exact same day the parties were discussing the underlying insurance dispute. Counsel for the Defendant—a seasoned attorney—explicitly stated he "needed numbers" and guided the Plaintiff on what to do.

Plaintiff relied on defense counsel's statements as the truth during those pre-litigation discussions.

The Tactical Trap: Plaintiff utilized the exact financial framework requested by the Defendant's counsel before any formal lawsuit was even active. It is highly inequitable for a seasoned defense attorney to instruct an unrepresented person on what numbers to use before litigation starts, wait for the Pro Se Plaintiff to rely on those numbers in his

paperwork, and then immediately execute a Notice of Removal to Federal Court while screaming "fraud" over those exact figures.

Proactive Contact with the Court's Office: To completely demonstrate his absolute good faith, Plaintiff notes for the record that prior to the filing of the Defendant's motion for sanctions, Plaintiff proactively reached out to the Court's administrative staff. Plaintiff spoke directly with the Deputy Clerk / Administrative Assistant in Chief Judge Austin's office in an explicit, transparent effort to report the conflicting information and clear up the entire matter before any adversarial motions were submitted.

Motion for Protective Order and Stay: Because counsel for the Defendant is actively exploiting a pre-litigation sequence he helped orchestrate to hit a Pro Se litigant with severe penalties over a clerical misunderstanding, Plaintiff respectfully moves this Court for a Protective Order.

Plaintiff requests that the Court shield him from these predatory tactical maneuvers and temporarily stay all opposition motions until a formal status conference can be held.

WHEREFORE, Plaintiff Don Michael Thacker Burdette respectfully requests that this Honorable Court accept his formal apology, deny the Defendant's motion for sanctions, GRANT a Protective Order shielding the Plaintiff from further aggressive maneuvers, and order a status conference so the full truth can be put on the record.

Dated: May 16, 2026
Respectfully submitted,
Don Michael Thacker Burdette, Pro Se
717 Lowndes Hill Road
Greenville, South Carolina 29607
Phone: 864-712-2439

IN THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF SOUTH CAROLINA
GREENVILLE DIVISION
DON MICHAEL BURDETTE, PRO SE
Plaintiff, v.
PROGRESSIVE DIRECT INSURANCE COMPANY,
Defendant. CIVIL ACTION NO. 6:26-cv-00806-JDA (In Opposition to Defendant's Motion for Sanctions)

RECEIVED
USDC. CLERK GREENVILLE. SC
2026 MAY 18 AM 11:40

PLAINTIFF'S SUPPLEMENTAL MEMORANDUM TO JUDGE JACQUELINE D. AUSTIN REGARDING THE SPECIFIC TIMELINE OF THE APRIL 17, 2026 CLERK STAMP AND ORIGIN OF JUDGMENT AMOUNT

Don Michael Burdette, appearing Pro Se, respectfully submits this Supplemental Memorandum to the Honorable Jacqueline D. Austin to clear the record and provide the Court with the exact, undisputed timeline regarding the document carrying this Court's "RECEIVED" stamp dated April 17, 2026.

Defendant's counsel, Mr. Murphy, has alleged that Plaintiff willfully fabricated or falsely passed off a fraudulent order. This accusation is entirely false and mischaracterizes an honest procedural misunderstanding by a self-represented litigant.
The absolute sequence of events and federal standards completely refute any claim of fraudulent intent or bad faith:

I. The Chronological Timeline of Events
The Origin of the $74,999.00 Figure: Before this matter was removed to federal court, Plaintiff explicitly asked defense counsel, Mr. Murphy, what it would take to keep this litigation in state court. Mr. Murphy, an attorney with 35 years of legal experience, directly steered and instructed Plaintiff that an amount of $74,999.00 would keep the case exactly one dollar under the federal diversity jurisdiction threshold.

As a Pro Se litigant, Plaintiff had absolutely no prior knowledge of federal jurisdictional limits and could not have engineered this specific figure on his own; he relied entirely on the statement made by seasoned defense counsel. Despite this explicit instruction from Mr. Murphy, the Defense removed the case to this Court anyway.
Receipt of the PDF: Plaintiff subsequently received a document as a PDF file from an outside source.

Because this document specifically incorporated the exact $74,999.00 jurisdictional threshold previously dictated to Plaintiff by defense counsel, utilized this Court's caption (Case No. 6:26-cv-00806-JDA), and contained the typed name of Your Honor, Plaintiff honestly believed it to be an official automated issuance from the federal system granting default judgment due to Progressive's failure to timely plead.
Immediate Verification at the Courthouse: Rather than attempting to hide or covertly use the document, Plaintiff did what any transparent litigant would do—he walked directly into

the United States District Courthouse in Greenville to verify the paperwork and ask the clerk's office what the next steps were.

The Court's Hand-Delivery and Stamp: On April 17, 2026, at 1:06 PM, Plaintiff physically presented this paperwork to the federal court clerk at the filing window. The clerk accepted the document from Plaintiff's hands and placed the official physical stamp on the right-hand margin reading: "2026 APR 17 PM 1:06 USDC, CLERK GREENVILLE RECEIVED."

5. Reliance on the Clerk's Action: Once the federal clerk stamped the document directly in front of him, Plaintiff—as a non-lawyer—was fully convinced that the document was a recognized and validated court record.
Subsequent Disclosure to Defense Counsel: Mr. Murphy had absolutely no knowledge of this document until after Plaintiff went to the federal courthouse, had it stamped by the clerk, and subsequently forwarded a copy to the defense in good faith based on what occurred at the courthouse window.
Plaintiff's Proactive Communication with the Court: Demonstrating a complete lack of deceptiveness, on May 15, 2026—prior to Defendant filing its Motion for Sanctions—Plaintiff proactively called the Deputy Clerk's office.
Plaintiff initiated this contact specifically to address the paperwork, communicate openly with court staff, and get all administrative matters completely cleared up. The Deputy Clerk and Plaintiff discussed the procedural posture, and the administrative misunderstandings were resolved. Plaintiff's voluntary choice to contact the Clerk's office to correct the record before the Defense ever filed its motion completely refutes any assertion that Plaintiff was executing a willful fraud.

II. Legal Standards Protecting Pro Se Litigants Acting in Good Faith
Under federal law, Rule 11 sanctions are an extreme remedy reserved strictly for willful misconduct, and the courts provide distinct protections for self-represented litigants against overreaching defense counsel:
The Standard of Liberal Construction: Federal jurisprudence firmly establishes that pleadings and filings by Pro Se litigants are to be held to a less stringent standard than formal pleadings drafted by lawyers. (Haines v. Kerner, 404 U.S. 519). A procedural mistake regarding complex federal paperwork cannot be transformed into "fraud" when a non-lawyer is navigating the system alone.
Absence of Bad Faith under Rule 11: For sanctions to be issued, the moving party must prove bad faith or an intent to deceive the court. An honest, mistaken belief backed by transparent actions does not meet the legal threshold for sanctions. Plaintiff's immediate action—taking the paperwork directly to the federal clerk's window and later calling the Deputy Clerk to voluntarily rectify the situation—demonstrates a complete lack of a deceptive state of mind.
Inequality of Experience: The court must take into account the vast disparity in legal expertise between a Pro Se litigant and defense counsel with 35 years of experience. For counsel to dictate a highly technical $74,999.00 federal jurisdictional threshold to a Pro Se party, and then accuse that party of "fabrication" when that exact number appears on a

received draft, constitutes an inequitable attempt to take advantage of a non-lawyer's reliance on counsel's own words.

III. The Absolute Absence of Fraudulent Intent

If Plaintiff were attempting to "fabricate" an order to deceive this Court, the absolute last place he would take that paperwork is to the face of the federal court clerks who manage the docket. Plaintiff openly brought the document to the courthouse to seek guidance. The physical "RECEIVED" stamp on the face of the image under Federal Case No. 6:26-cv-00806-JDA is irrefutable proof that the document passed through the hands of the Clerk of Court before it was ever sent to Mr. Murphy.

The $74,999.00 figure was not a fabricated number; it was the exact legal threshold dictated to Plaintiff by defense counsel himself, leveraging his 35 years of legal experience. While Plaintiff now understands the administrative and formatting distinctions between a proposed draft and an internally generated judicial order, his actions on April 17, 2026, and his subsequent phone call to the Deputy Clerk on May 15, 2026, were done in total open daylight and good faith.

IV. Conclusion

Plaintiff deeply regrets any procedural confusion this document caused the Court or the parties, but vehemently objects to the characterization that he fabricated paperwork. Because federal law protects litigants from sanctions when they act with an honest purpose and without bad faith, Plaintiff respectfully requests Your Honor look past the defensive smoke screens raised by counsel, deny the Motion for Sanctions, and allow this matter to be resolved justly.

RESPECTFULLY SUBMITTED,

Don Michael Burdette, Pro Se
717 Lowndes Hill Road
Greenville, South Carolina 29607
Phone: 864-712-2439
Dated: May 16, 2026