UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
GREENVILLE DIVISION

RECEIVED
USDC. CLERK GREENVILLE, SC
2026 MAY 18 AM 11:38

Don Michael Burdette, Pro Se, )
) CASE NUMBER: 6:26-cv-00806-JDA-MGB
Plaintiff, )
v. ) PLAINTIFF'S SPECIAL RESPONSE,
) BINDING STIPULATION, AND ALTERNATIVE
Progressive Direct Insurance Company, ) MOTION FOR DEFAULT JUDGMENT
Defendant. )
_______________________________________)

NOW COMES the Plaintiff, Don Michael Burdette, proceeding Pro Se, to respectfully address Chief United States District Judge Jacqueline C. Austin regarding Defendant's Motion for Sanctions (Entry Number 42). Plaintiff provides this statement to clarify a mistaken understanding, enter a binding jurisdictional stipulation, and formally request either a remand to State Court or, in the alternative, the entry of a Default Judgment against Defendant.

SINCERE APOLOGY, PROACTIVE RECTIFICATION, AND LEGAL STANDARDS OF ACCEPTANCE

1. Absolute Good Faith Intent and Apology: Plaintiff wishes to state clearly and unequivocally to Chief Judge Austin, to the Court's administrative staff, and to opposing counsel, Mr. J.R. Murphy, that it was never Plaintiff's intention to disrupt, mislead, or present improper paperwork to this tribunal or to the parties involved. Plaintiff deeply regrets any operational disruption or confusion caused by the handling of the paperwork in question and offers a sincere, unreserved apology.

2. Direct Communication with the Clerk's Office: To demonstrate absolute good faith, the moment Plaintiff realized there was a mistaken understanding regarding the status of the paperwork, Plaintiff proactively reached out by phone directly to Chief Judge Austin's office. Plaintiff spoke at length with the Deputy Clerk to openly explain the situation, clear up the confusion, and ensure his actions were fully aligned with proper court procedures.

3. Judicial Acceptance of Good Faith Corrections: Under established federal jurisprudence, when a Pro Se litigant acts transparently to remedy a procedural mistake and offers a sincere apology, federal courts favor resolving the issue through grace rather than punishment. See Degen v. United States, 517 U.S. 820 (1996) (holding that a court's inherent power to sanction must be exercised with restraint and discretion).

THE CONTEXT OF THE ADMINISTRATIVE CONFUSION

4. The March 30th PDF Paperwork: The confusion originated when Plaintiff received a PDF document concerning a default status. Operating in good faith as a Pro Se senior citizen, Plaintiff genuinely believed this was an official directive regarding the Defendant's failure to meet deadlines. Rather than attempting to deceive anyone, Plaintiff took that document directly to the clerk's counter openly to have it time-stamped and validated. As soon as the clerical misunderstanding was made clear, Plaintiff immediately desisted and sought to correct it.

ALTERNATIVE MOTION FOR DEFAULT JUDGMENT

5. Progressive's Failure to Timely Answer: Plaintiff's pursuit of a default position was not manufactured; it was rooted in the fact that Defendant Progressive repeatedly failed to meet strict procedural deadlines and failed to timely answer Plaintiff's initial pleadings.

6. Request for Default Judgment: If this Honorable Court declines to remand this action to State Court based on the jurisdictional stipulation below, Plaintiff respectfully requests that the Court hold Defendant strictly accountable to the Federal Rules of Civil Procedure. Because Defendant failed to defend the action within the required timelines, Plaintiff moves for the entry of a Default Judgment in his favor for the bad-faith denial of his comprehensive RV insurance claim.

BINDING STIPULATION AND REQUEST FOR REMAND

7. Explicit Binding Stipulation: As a baseline jurisdictional matter, Plaintiff hereby enters into a formal, irrevocable, and Binding Stipulation that the total amount in controversy in this matter—including all actual damages, consequential damages, and claims for relief regarding his 1996 American Tradition RV—does not exceed, and will never exceed, the sum of $74,999.00, exclusive of interest and costs.

8. Request to Remand to State Court: Because Plaintiff's Binding Stipulation conclusively establishes that the threshold requirement for federal diversity jurisdiction under 28 U.S.C. § 1332(a) cannot be met, this Court lacks subject-matter jurisdiction. Accordingly, Plaintiff respectfully requests that Chief Judge Austin deny Defendant's Motion for Sanctions and enter an Order remanding this action back to the State Court venue where it belongs.

PROTECTIONS UNDER FEDERAL PRO SE LAW

9. Standard of Liberal Construction: The United States Supreme Court mandates that a Pro Se plaintiff's filings be held to "less stringent standards than formal pleadings drafted by lawyers." Haines v. Kerner, 404 U.S. 519, 520 (1972). Because Plaintiff acted without any intent to deceive, immediately called the Judge's staff to clear up the mistake, and has submitted a binding jurisdictional solution, the extreme sanction of striking this action is entirely disproportionate.

CONCLUSION

Plaintiff remains entirely committed to respecting the dignity of this Court, Chief Judge Austin, and the legal process. Whether through a remand to state court or an entry of default judgment due to Progressive's original delays, this case deserves a resolution on its true, evidentiary merits.

WHEREFORE, Plaintiff respectfully requests that Chief Judge Austin deny Defendant's Motion for Sanctions, accept Plaintiff's sincere apologies, and either enter an Order remanding this case back to the State Court or, in the alternative, grant Plaintiff's Motion for Default Judgment.

Dated: May 18, 2026
Greenville, South Carolina

Respectfully submitted,

Don M Burdette Pro Se

Don Michael Burdette, Pro Se
717 Lowndes Hill Road
Greenville, South Carolina 29607
Phone: 864-712-2439