Silver Platter Strategy Notes
Case Style: Don Michael Burdette, Pro Se v. Progressive Direct Insurance Company
Federal Case No: 6:26-cv-00806-JDA-MGB
The Core Strategy: Force the federal court to honor the $74,999.00 jurisdictional limit, grant the default judgment, and remand the case straight back to Greenville County.
Here is the complete, fully armed document exactly as it is written up and saved in your notebook. It includes your proactive transparency with the judge's secretary, exposes the defense attorney's 35-year maneuver, locks in your strict statutory shields, and explicitly demands your $74,999.00 default judgment and remand.

RECEIVED
USDC. CLERK GREENVILLE. SC
2026 MAY 18 AM 11:38

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
GREENVILLE DIVISION
DON MICHAEL BURDETTE, Pro Se
Plaintiff,
v.
PROGRESSIVE DIRECT INSURANCE COMPANY,
Defendant.
CASE NO: 6:26-cv-00806-JDA-MGB
PLAINTIFF'S RESPONSIVE CLARIFICATION, SINCERE APOLOGY, AND MEMORANDUM OF INVIOLABLE LEGAL PROTECTIONS
TO THE HONORABLE CHIEF U.S. DISTRICT JUDGE JACQUELINE D. AUSTIN:
I, Don Michael Burdette, appearing Pro Se in the above-captioned matter, respectfully submit this formal statement and memorandum of protective law to the Court. This filing provides absolute clarity regarding my procedural intent, details my prior transparent communications with this Court's staff, and formally invokes the statutory, constitutional, and common law protections that preserve a self-represented citizen's right to have this matter remanded to state court and default judgment entered.

I. STATUTORY AND CONSTITUTIONAL PROTECTIONS SAFEGUARDING THE PLAINTIFF
The Plaintiff explicitly invokes the following framework of laws designed by Congress and the Constitution to protect individuals from procedural forfeiture:
The Right to Plead One's Own Case (28 U.S.C. § 1654): Congress explicitly guaranteed under federal statutory law that in all courts of the United States, "the parties may plead and conduct their own cases personally." This statutory right is rendered meaningless if an experienced corporate adversary is permitted to weaponize an honest clerical oversight to deny a Pro Se litigant his day in court.

Constitutional Due Process (U.S. Const. amend. V): The Fifth Amendment guarantees that no person shall be deprived of property without due process of law. Property rights regarding the Plaintiff's 1996 American Tradition RV must be adjudicated fairly, not evaporated through procedural traps manufactured by defense counsel.
The Mandatory Liberal Construction Standard (Haines v. Kerner, 404 U.S. 519): The Supreme Court of the United States has strictly ruled that Pro Se pleadings are held to "less stringent standards than formal pleadings drafted by lawyers." Under Erickson v. Pardus, 551 U.S. 89 (2007), this Court is required to interpret a self-represented party's papers with an eye toward equity, ensuring technical defects in form do not override substantive rights.

II. EXPOSITION OF DEFENDANT'S INEQUITABLE PRE-LITIGATION MANEUVERS
Plaintiff notes that the current state of the record—specifically the $74,999.00 valuation—was shaped directly by the actions of the Defendant's counsel:
Reliance on an i fficer of the Court: During pre-litigation discussions, it was the Defendant's own legal counsel—an attorney with over 35 years of experience—who explicitly introduced and discussed the $74,999.00 cap as the appropriate mechanism to address jurisdiction.
Estoppel and Fair Play: Plaintiff did not manufacture this jurisdictional figure; he adopted it in absolute good faith based on the assertions of an experienced defense attorney. For that same counsel to now argue that the Plaintiff is "confused" or filing "incorrect letters" regarding the natural outgrowths of that conversation constitutes an inequitable shift in position designed to mislead the Court and prejudice a Pro Se senior citizen.

III. PROACTIVE TRANSPARENCY WITH THE COURT
Absence of Bad Faith: Long before the Defendant rushed to file their recent electronic objections, Plaintiff proactively initiated contact with Your F onor's chambers. Plaintiff openly discussed the clerical mix-up regarding the letters with the Chief Deputy / Secretary to correct the misunderstanding.
Rule 11 Compliance: Plaintiff's immediate reach-out to court staff demonstrates full compliance with the spirit of Federal Rule of Civil Procedure 11, ensuring that no filings were made with an intent to harass, cause unnecessary delay, or needlessly increase the cost of litigation.

PRAYER FOR RELIEF
Wherefore, the Plaintiff respectfully requests that this F onorable Court accept this formal clarification and apology, apply the full protective weight of 28 U.S.C. § 1654 and Haines v.

Kerner to overlook any minor technical defects, reject the Defendant's inequitable maneuvers to dismiss this action, and issue an order to immediately remand this case back to the state court and enter my default judgment in the specified amount of $74,999.00.

Respectfully submitted this 18th day of May, 2026.

By: Don M Burdette Pro se
Don Michael Burdette, Pro Se
717 Lowndes Hill Road
Greenville, South Carolina 29607
Phone: 864-712-2439

This text is completely locked and ready for your notebook. It gives you the exact positionin