IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE DISTRICT OF SOUTH CAROLINA
GREENVILLE DIVISION

| | | |
|---|---|---|
| Don Michael Burdette, | ) | Case No. 6:26-cv-00806-JDA-MGB |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | **OPINION AND ORDER** |
| | ) | |
| Progressive Direct Insurance Company, | ) | |
| | ) | |
| | ) | |
| Defendant. | ) | |

This matter is before the Court on Plaintiff's motions to remand, to dismiss, for summary judgment, for default judgment, to strike, and for protective order [Docs. 9; 13; 14; 16; 19; 22; 24; 44; 45; 46] and Defendant's motion to cease and desist [Doc. 42]. In accordance with 28 U.S.C. § 636(b) and Local Civil Rule 73.02(B)(2), D.S.C., this matter was referred to United States Magistrate Judge Mary Gordon Baker for pre-trial proceedings.

## BACKGROUND

Plaintiff filed the present action in the Greenville County Court of Common Pleas on January 23, 2026. [Doc. 1-1.] On February 26, 2026, Defendant timely removed the action to this Court and filed an Answer. [Docs 1; 2.]

On March 11, 2026, Plaintiff filed a motion to remand. [Doc. 9.] Plaintiff filed another motion to remand on March 17, 2026. [Doc. 13.] On March 18, 2026, Plaintiff filed an "Emergency Motion to Dismiss for Fraud Upon the Court and Violation of 28 U.S.C. § 1446(d)." [Doc. 14.] On the same day, Plaintiff filed a "Verified Motion for Summary Judgment and Remand." [Doc. 16.] On March 23, 2026, Plaintiff filed a motion

for default judgment. [Doc. 19.] On March 25, 2026, Plaintiff filed a motion to strike. [Doc. 22.] On the same day, Plaintiff filed an "Amended Motion to Remand and Motion for Entry of Judgment." [Doc. 24.] Defendant filed responses in opposition to these motions [Docs. 21; 26; 27], and Plaintiff filed a reply [Doc. 29].

On April 14, 2026, the Magistrate Judge issued a Report and Recommendation ("Report") recommending that Plaintiff's motions [Docs. 9; 13; 14; 16; 19; 22; 24] be denied. [Doc. 31.] The Magistrate Judge advised the parties of the procedures and requirements for filing objections to the Report and the serious consequences if they failed to do so. [*Id*. at 12.] On April 22, 2026, Plaintiff filed objections to the Report. [Doc. 36; *see also* Doc. 38 (letter).] Defendant filed a reply on May 5, 2026. [Doc. 40.]

On May 15, 2026, Defendant filed a motion to cease and desist, claiming that Plaintiff sent emails to Defendant with an attached "order" allegedly signed by "the Honorable Jacqueline [sic] D. Austin." [Doc. 42 at 2; *see also* Doc. 50 (copies of emails).] Plaintiff filed a response to Defendant's motion on May 18, 2026, and Defendant filed a reply on May 26, 2026. [Docs. 43; 48.] Subsequently, Plaintiff filed additional motions for protective order, to remand, and for default judgment. [Docs. 44; 45; 46; *see also* Doc. 47 (letter).]

## **DISCUSSION**

**The Report and Recommendation**

The Magistrate Judge makes only a recommendation to this Court. The recommendation has no presumptive weight, and the responsibility to make a final determination remains with the Court. *See Mathews v. Weber*, 423 U.S. 261, 270–71 (1976). The Court is charged with making a de novo determination of any portion of the

Report of the Magistrate Judge to which a specific objection is made.  The Court may accept, reject, or modify, in whole or in part, the recommendation made by the Magistrate Judge or recommit the matter to the Magistrate Judge with instructions.  *See* 28 U.S.C. § 636(b).  The Court will review the Report only for clear error in the absence of an objection.  *See Diamond v. Colonial Life & Accident Ins.*, 416 F.3d 310, 315 (4th Cir. 2005) (stating that "in the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation" (internal quotation marks omitted)).

The Magistrate Judge recommends denying Plaintiff's motions to remand [Docs. 9; 13; 16; 24], to dismiss [Doc. 14], and for summary judgment [Doc. 16] because the Court possesses subject matter jurisdiction over the action pursuant to 28 U.S.C. § 1332. [Doc. 31 at 5–8.]  To this end, the Magistrate Judge concluded that the Complaint "expressly seeks" damages exceeding $75,000 and that "Plaintiff's post-removal 'Notice' stipulating to reduced damages cannot defeat jurisdiction."  [*Id.* at 7.]  In addition, the Magistrate Judge concluded that "Defendant complied with the [procedural] requirements for removal pursuant to 28 U.S.C. § 1446."  [*Id.* at 8.]

Further, the Magistrate Judge recommends denying Plaintiff's motion to strike [Doc. 22] and for default judgment [Doc. 19] because Defendant filed a timely Answer to Plaintiff's Complaint.  [Doc. 31 at 9–10.]

In his objections, Plaintiff alleges that he filed a binding stipulation in the Greenville County Court of Common Pleas limiting his damages to $74,999.00 at 10:30 a.m. on February 26, 2026—*before* Defendant filed its notice of removal.  [Doc. 36 at 1.]  However,

3

Plaintiff's "Notice of Amended Damages" bears a time stamp of 4:58 p.m. on February 26, 2026—*after* Defendant filed its notice of removal. *See* Greenville County Public Index, *Burdette v. Progressive Direct Ins.,* No. 2025-CP-23-08278, https://www2.greenvillecounty.org/scjd/publicindex/ (last visited May 29, 2026); [*see also* Doc. 31 at 3 ("On February 26, 2026, Defendant filed documents indicating the case had been removed to federal court. Plaintiff then filed a 'Notice of Amended Damages' that same day. . . .")]. As the Magistrate Judge correctly concluded, "[j]urisdiction is determined at the time the action is filed, meaning courts determine the amount in controversy by looking to the face of the complaint *at the time of removal*." [Doc. 31 at 6 (emphasis added).] Because Plaintiff's Complaint at the time of removal explicitly alleged damages of at least $233,500 [*see* Doc. 1-1], his post-removal notice limiting his damages cannot defeat diversity jurisdiction. *See, e.g., Clear Choice Constr., LLC v. Travelers Home & Marine Ins.,* No. 0:17-cv-1890-MBS, 2018 WL 718960, at *4 (D.S.C. Feb. 6, 2018) ("The law is clear that post-removal events, such as amending a complaint in order to reduce the amount in controversy below the jurisdictional limit, do not deprive a federal court of diversity jurisdiction." (internal quotation marks omitted)). Further, the undersigned agrees with the Magistrate Judge that Defendant filed a timely Answer to Plaintiff's Complaint and timely responses to Plaintiff's repetitious motions. [Doc. 31 at 9–10; *see* Docs. 2; 21; 26; 27.]

The Court has conducted a de novo review of the Report, the record, and the applicable law. Upon such review, the Court accepts the Report and Recommendation of the Magistrate Judge and incorporates it by reference. Accordingly, Plaintiff's motions [Docs. 9; 13; 14; 16; 19; 22; 24] are denied.

4

**Defendant's Motion to Cease and Desist**

As previously stated, Defendant claims that Plaintiff sent emails to Defendant with an attached "order" allegedly signed by "the Honorable Jacqueline [sic] D. Austin."[1] [Doc. 42 at 2; *see also* Doc. 50 (copies of emails).]  The undersigned issued no such "order."[2] Construing Plaintiff's representations liberally, the Court concludes Plaintiff may have attempted to submit a proposed order to the Court and mistakenly believed that the "RECEIVED" stamp affixed by the Clerk's Office signified the Court's official endorsement.  [*See, e.g.,* Doc. 44 at 1.]  In light of Plaintiff's statements that he never intended "to disrupt, mislead, or present improper paperwork to [the Court] or to the parties involved" and that he reached out to the Clerk's Office when he realized there was a "mistaken understanding" [Doc. 46 at 1], Defendant's motion to cease and desist [Doc. 42] is found as moot at this time.

Going forward, Plaintiff is admonished against submitting filings containing the undersigned's purported signature or making false representations to opposing counsel, the Clerk's Office, and/or this Court.  In addition, Plaintiff is warned that knowingly forging a judge's signature is a crime that may result in a fine or imprisonment.  *See* 18 U.S.C. §§ 505, 912.  Further, the Court may impose sanctions and/or dismiss this action for failure to comply with a Court directive.  *See Ballard v. Carlson,* 882 F.2d 93, 95 (4th Cir. 1989) (concluding that dismissal of a pro se litigant's suit did not constitute abuse of

---

[1] In addition, Plaintiff called or visited the Clerk's Office on multiple occasions attempting to file an "order" bearing the undersigned's signature.  The Clerk's Office informed Plaintiff that he did not have permission to do so.

[2] Indeed, the undersigned's name is misspelled in the document.  [*See, e.g.,* Docs. 45; 50-4; 50-5.]

discretion where the petitioner "failed to respond to a specific directive from the court");

*see also* Fed. R. Civ. P. 11 (requiring attorneys and unrepresented parties to certify that their claims are not being presented for any improper purpose, including harassment; their legal contentions are warranted by existing law; and their factual contentions are supported by evidence).

**Plaintiff's Remaining Motions**

The Court denies Plaintiff's subsequent motion for protective order and stay to "shield [Plaintiff] from [Defendant's] predatory tactical maneuvers." [Doc. 44 at 2.] Defendant has complied with the Federal Rules of Civil Procedure and has not engaged in misconduct warranting a protective order, stay, or status conference. In addition, the Court denies Plaintiff's motions to remand and for default judgment [Docs. 45;[3] 46] for the same reasons articulated by the Magistrate Judge in recommending the denial of Plaintiff's similar motions.

<u>**CONCLUSION**</u>

For the foregoing reasons, Plaintiff's motions [Docs. 9; 13; 14; 16; 19; 22; 24; 44; 45; 46] are DENIED. Defendant's motion [Doc. 42] is FOUND AS MOOT, and Plaintiff is admonished against submitting filings containing the undersigned's purported signature in the future.

IT IS SO ORDERED.

s/ Jacquelyn D. Austin
United States District Judge

June 1, 2026
Greenville, South Carolina

---

[3] This document appears to contain a copy of the allegedly fraudulent "order." To the extent the document contains additional motions to remand or for default judgment, the Court denies them.

6

## NOTICE OF RIGHT TO APPEAL

The parties are hereby notified of the right to appeal this order pursuant to Rules

3 and 4 of the Federal Rules of Appellate Procedure.