RECEIVED
USDC, CLERK GREENVILLE,
2026 JUN -3 PM 3: 58

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
GREENVILLE DIVISION
DON MICHAEL BURDETTE,
Plaintiff, pro se,
v.
PROGRESSIVE DIRECT INSURANCE COMPANY,
Defendant.
Case No.: 6:26-cv-00806
(Originally State Court Case No.: 2025-CP-23-08278)

PLAINTIFF'S MOTION FOR IMMEDIATE SUMMARY JUDGMENT BASED UPON DEFENDANT'S CONCLUSIVE JUDICIAL ADMISSIONS

The Plaintiff, Don Michael Burdette, appearing pro se, respectfully moves this Honorable Court pursuant to Federal Rule of Civil Procedure 56(a) for an immediate entry of Final Judgment against Defendant Progressive Direct Insurance Company ("Progressive") in the absolute amount of $74,999.00.

There is no genuine dispute as to any material fact because the Defendant has entered conclusive, binding admissions on the record that legally terminate their right to contest liability or jurisdiction.

I. UNDISPUTED MATERIAL FACTS ESTABLISHED BY THE RECORD

The Stated Limit: Plaintiff explicitly established a hard, non-negotiable valuation cap of $74,999.00 during a telephonic conversation with defense counsel J.R. Murphy to keep this matter within state court jurisdiction.

Prior Notice to the Court: Before Defendant filed its motion to desist or notice of removal, Plaintiff proactively contacted Judge Austin's office and explicitly notified court staff that the claim was capped at $74,999.00, permanently locking in his intent.

The Conclusive Written Admission: Defendant's counsel subsequently filed formal papers on this Court's docket explicitly admitting to the phone conversation and the $74,999.00 boundary, acknowledging that this specific figure is what legally governs the state court action.

II. ARGUMENT: DEFENDANT IS LEGALLY ESTOPPED FROM ANSWERING OR DENYING LIABILITY

A. Defendant's Filing Constitutes a Binding Judicial Admission That Cannot Be Contradicted

Under well-settled federal law, factual statements made by an attorney in formal briefs or

motions constitute binding judicial admissions. Minter v. Wells Fargo Bank, N.A., 762 F.3d 339 (4th Cir. 2014).

A judicial admission is not merely evidence; it is a conclusive waiver that withdraws a fact from contention. The defense is legally barred from filing any subsequent answer or denial that contradicts what they have already admitted to this Court in writing.

B. The Removal Was Knowingly Illegal, Piercing the Defense
By admitting they knew of the $74,999.00 cap before attempting removal, Progressive's own records prove they violated 28 U.S.C. § 1332(a), which strictly requires an amount greater than $75,000.00.

Because they intentionally executed an illegal removal with full knowledge that federal jurisdiction was lacking, they have committed an bad-faith abuse of the judicial process. Combined with the baseline facts of the underlying claim—including the independent forensic report by Craig Childs proving storm/lightning surge damage and Progressive's administrative bad faith in lying to the South Carolina Department of Insurance (SCDOI)—there remains no triable issue.

III. CONCLUSION AND REMEDY SOUGHT
Because Progressive has openly admitted to the core facts on the federal docket, they have waived their right to file a standard defense or dispute the value of this action. The record is fully ripe for final adjudication.
Plaintiff respectfully requests that this Court enter an Immediate Summary Judgment order against Progressive for $74,999.00, terminating this federal action with prejudice, or alternatively, remand the case back to state court with a binding order establishing Progressive's bad-faith status so default judgment can be entered immediately below.

Respectfully submitted,
Dated: June 2, 2026

Don Michael Burdette, prose
717 Lowndes Hill Road
Greenville, South Carolina 29607
Phone: 864-712-2439

Don M. Burdette Pro Se