UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
GREENVILLE DIVISION
DON MICHAEL BURDETTE (pro se),
Plaintiff,
v.
PROGRESSIVE DIRECT INSURANCE COMPANY,
ATTN: MR. MURPHY, ESQ.,
Defendants.

RECEIVED
USDC, CLERK GREENVILLE
2026 JUN -3 PM 3:58

STATE COURT CASE NO. 2025-CP-23-08278
FEDERAL CIVIL CASE NO. 6:26-cv-00806-JDA

PLAINTIFF'S RESPONSE TO DEFENDANT'S MORNING FILING AND DEMAND FOR REMAND AND JUDGMENT
TO: CHIEF U.S. DISTRICT JUDGE JACQUELYN D. AUSTIN
TO: U.S. MAGISTRATE JUDGE MARY BAKER

NOW COMES the Plaintiff, Don Michael Burdette, representing himself pro se, and respectfully submits this formal Response to the Opposition filed this morning by Mr. Murphy on behalf of Progressive Direct Insurance Company.
Plaintiff explicitly moves this Court to reject the Magistrate Judge's recommendation, deny the Defendant's fraudulent procedural maneuvers, and immediately remand this action back to the Greenville County State Court with instructions for entry of judgment in the amount of $74,999.00.

In support of this demand, Plaintiff shows the Court the following undeniable truths:

1. This Court Strictly Lacks Subject-Matter Jurisdiction Under 28 U.S.C. § 1332
Mr. Murphy and Progressive are attempting to use this federal court as a shield to escape liability. However, federal diversity jurisdiction strictly requires that the amount in controversy exceed the sum or value of $75,000.00.

Under the long-standing Supreme Court "Master of the Complaint" Doctrine (Caterpillar Inc. v. Williams), a plaintiff has the absolute right to limit their damages to remain within the jurisdiction of the state court. Plaintiff has explicitly and legally capped the value of this dispute at $74,999.00. As a matter of basic arithmetic and statutory law, this Court has zero constitutional authority to hear this case. When a federal court lacks jurisdiction, its only lawful recourse under 28 U.S.C. § 1447(c) is immediate remand. The Court cannot rule on Progressive's Motion to Dismiss or move to strike Plaintiff's pleadings when it lacks the legal power to sit in judgment over the case.
2. Progressive's Own Filings Prove Actual Notice and Pre-Litigation Admissions
In the paperwork filed this morning, Mr. Murphy explicitly admits on the record to having

direct conversations with the Plaintiff regarding this exact dispute before litigation ever commenced.

This admission completely dismantles Progressive's entire narrative. It proves they had actual notice of the claims, yet they chose to ignore deadlines, act in bad faith, and then perform a late-stage removal to federal court solely to delay justice and harass a self-represented citizen.

3. Plaintiff's Filings Must Be Evaluated on Substance, Not Procedural Bullying
Defendant's morning filing begs the Court to strike Plaintiff's May 18th papers and relies heavily on attacking Plaintiff's status as a pro se litigant. This is a classic, bad-faith legal maneuver designed to blindfold the Court.

Binding Supreme Court precedent under Haines v. Kerner mandates that pro se pleadings, "however inartfully pleaded," must be held to less stringent standards than formal documents drafted by corporate law firms.

Mr. Murphy spends pages attempting to penalize Plaintiff for formatting because Progressive cannot defeat the timeline, cannot out-clock Plaintiff's timestamps, and cannot escape the $74,999.00 mathematical trap.

4. Rebuttal to Defendant's Mischaracterization of Haines v. Kerner
Down at the bottom of his filing, Mr. Murphy deliberately mischaracterizes the Plaintiff's reliance on Haines v. Kerner. Defendant claims that Plaintiff is asking this Court to "go easy" on him or excuse procedural failures due to his pro se status.

This is an absolute falsehood. Plaintiff is not asking for special treatment, nor does he require a handout to defeat the Defendant's meritless arguments. Plaintiff cites Haines v. Kerner because it is the mandatory, binding legal standard governing these proceedings.

The Supreme Court established this standard precisely to prevent corporate attorneys from using a baseline of procedural bullying to hide the substantive facts of a case. Plaintiff can comfortably defend his position against Defendant's 35 years of litigation experience with one hand behind his back, because no amount of legal maneuvering can alter the fact that Progressive's paperwork explicitly anchors this dispute below the federal threshold at $74,999.00.

CONCLUSION & PRAYER FOR RELIEF
Mr. Murphy has lied, cheated, and used empty procedural motions to run from Progressive's responsibilities. Plaintiff has beaten the Defendant on the timestamps and anchored the truth to the record.

Therefore, Plaintiff, Don Michael Burdette, respectfully demands that Chief Judge Jacquelyn D. Austin and Magistrate Judge Mary Baker see through this deceptive smoke

and mirrors, deny Defendant's morning opposition, and remand this entire action back to the Greenville County Court system where it lawfully belongs, so that Plaintiff can secure his final judgment for $74,999.00.

Respectfully submitted,
Dated: June 1, 2026
By: ______________________

Don Michael Burdette (pro se)
717 Lowndes Hill Road
Greenville, South Carolina 29607
Phone: 864-712-2439