IN THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF SOUTH CAROLINA
GREENVILLE DIVISION
DON MICHAEL BURDETTE,
Plaintiff,
v.
PROGRESSIVE DIRECT INSURANCE COMPANY,
Defendant.
Case No. 6:26-cv-00806
(Originally Case No. 2025-CP-23-08278)

RECEIVED
USDC. CLERK GREENVILLE
2026 JUN -3 PM 3:58

NOTICE OF JURISDICTIONAL DEFECT DIRECTED TO THE MAGISTRATE JUDGE:
PLEASE TAKE NOTICE THAT PURSUANT TO THE DEFENDANT'S FORMAL JUDICIAL ADMISSION OF A $74,999.00 AMOUNT IN CONTROVERSY, THIS COURT LACKS SUBJECT-MATTER JURISDICTION. THIS MATERIALLY DEFECTIVE CASE MUST BE FORWARDED IMMEDIATELY TO U.S. DISTRICT JUDGE JACQUELYN D. AUSTIN FOR MANDATORY REMAND.

PLAINTIFF'S ABSOLUTE JURISDICTIONAL OBJECTION AND DEMAND FOR MANDATORY REMAND AND ENTRY OF STATE COURT JUDGMENT

NOW COMES the Plaintiff, Don Michael Burdette, representing himself pro se, and formally files this Absolute Jurisdictional Objection directed exclusively to U.S. District Judge Jacquelyn D. Austin. Plaintiff explicitly demands that this Court completely vacate and declare as a nullity any and all prior recommendations or procedural actions issued by Magistrate Judge Mary Gordon Baker, declare the total absence of federal subject-matter jurisdiction under 28 U.S.C. § 1332, and immediately remand this action back to the Greenville County Court of Common Pleas for entry of Final Judgment. In support of this constitutional right, Plaintiff shows the Court the following uncontradicted record:

I. DEFENSE COUNSEL'S "BACK-PAGE" ADMISSION CONFIRMS AN ILLEGAL REMOVAL
To invoke and maintain Diversity Jurisdiction under 28 U.S.C. § 1332, the removing Defendant carries the strict, non-delegable burden of proving that the Amount in Controversy exceeds the mandatory statutory threshold of $75,000.00.
On June 1, 2026, Defendant's corporate defense counsel, John Robert Murphy, filed an opposition brief in this Court. On the concluding pages of that formal filing, Defendant's counsel explicitly and judicially admitted to engaging in a specific pre-suit telephone conversation with the Plaintiff regarding the valuation of the loss.

In detailing the contents of this phone call to the Court, Defendant's counsel openly conceded in writing that the true valuation and settlement figure discussed between the parties regarding the total loss of the 1996 American Tradition RV was exactly $74,999.00.

By intentionally placing the specific details of this phone call into a formal legal brief to a federal judge, Defendant created an unshakeable, binding judicial admission. Because

$74,999.00 is mathematically and legally less than the strict statutory minimum, federal subject-matter jurisdiction does not exist:

Don Burtt Pro Se