RECEIVED
USDC, CLERK GREENVILLE
2026 AUG 17 PM 3:20

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
GREENVILLE DIVISION

DON MICHAEL BURDETTE,
Plaintiff,
v.
PROGRESSIVE DIRECT INSURANCE COMPANY,
Defendant.

CASE NO.: 6:26-cv-00806-JDA-MGB

PLAINTIFF'S OMNIBUS MOTION FOR FRCP RULE 37 SANCTIONS, RULE 34 COMPLAINT FOR SUPPRESSION OF CLAIM NOTES, AND NOTICE OF REPEATED PERJURIOUS DISCOVERY RESPONSES AND ADMISSIONS SUBMITTED FOR DE NOVO REVIEW

NOW COMES Plaintiff Don Michael Burdette, appearing pro se, and respectfully moves this Honorable Court pursuant to Rules 26, 33, 34, and 37 of the Federal Rules of Civil Procedure, alongside South Carolina statutory law, for an Order imposing severe evidentiary and pleadings sanctions against Defendant Progressive Direct Insurance Company ("Progressive").

Defendant has engaged in a deliberate pattern of bad-faith litigation conduct by suppressing mandatory internal claim files and adjuster notes, repeatedly providing false, evasive, and perjurious statements under oath in its verified discovery responses, and admitting on the record that it performed zero independent technical investigation or counter-inspection to rebut Plaintiff's unrefuted forensic claim evidence.

I. STATUTORY & PROCEDURAL FRAMEWORK

FRCP Rule 37(a)(4) & Rule 37(c)(1): Mandates that an "evasive or incomplete answer must be treated as a failure to disclose, answer, or respond." Where a party fails to disclose information required under Rule 26 or Rule 34, or provides false answers under oath, "the party is not allowed to use that information... to supply evidence on a motion, at a hearing, or at a trial," and the Court may order that designated facts be taken as established, strike defenses, or issue default judgment.

FRCP Rule 34 & Rule 26 Mandatory Disclosures: Under Rule 34, an insurer is required to produce non-privileged claim files, telephone call logs, adjuster notes, and valuation worksheets created during the ordinary course of business. Withholding these mandatory records while asserting unproduced facts as a defense violates federal discovery rules.
South Carolina Substantive Insurance Law: Under S.C. Code Ann. § 38-59-20 (Unfair Claims Settlement Practices Act) and S.C. Code Ann. § 38-55-540 (Omnibus Insurance Fraud Act), an insurer operates under a non-delegable duty of good faith and fair dealing. Suppressing internal evaluation records, making false sworn representations, and denying a claim without conducting a reasonable investigation based upon all available

information constitutes bad faith as a matter of law. See Nichols v. State Farm Mut. Auto. Ins. Co., 279 S.C. 336, 306 S.E.2d 616 (1983).

Federal Duty of Candor & Judicial Admissions (28 U.S.C. § 1927): Attorneys and litigants before federal tribunals are bound by a duty of candor. Statements made by counsel in formal court briefs constitute binding judicial admissions (see Lucas v. Burnham, 883 F.2d 32 (4th Cir. 1989)).

II. SPECIFIC INSTANCES OF PERJURY, FALSE ANSWERS, EVIDENCE SUPPRESSION, AND CONCEDED REBUTTAL DEFECTS

1. Admitted Failure to Conduct Rebuttal Inspection or Produce Counter-Expert Evidence
Record Admission: In its discovery responses and court filings, Defendant admitted that it performed no independent forensic electrical inspection, retained no certified electrical engineering expert, and possesses zero technical counter-evidence regarding Plaintiff's 1996 American Tradition RV.
Legal Effect: Defendant denied coverage and asserted policy exclusions without possessing any admissible factual or expert basis to contradict Plaintiff's certified inspection report. Under South Carolina law, an insurer cannot deny coverage based on arbitrary speculation without competent supporting evidence.

2. First False Statement Under Oath: Denial of Oral Valuation Discussions
Sworn Answer: In Defendant's verified discovery responses to Plaintiff's Interrogatories and Requests for Admission, Defendant explicitly swore under penalty of perjury that no representative engaged in oral communications or telephone discussions with Plaintiff regarding the valuation, evaluation, or total loss settlement of the motor home.
Judicial Admission: On the final page of Defendant's Opposition Brief, Defendant's counsel explicitly admitted on the court record that Defendant participated in direct telephone conversations with Plaintiff wherein vehicle valuation was discussed.
Legal Effect: Defendant committed perjury in its sworn discovery responses to frustrate Plaintiff's claims, only to contradict its own sworn statement when forced to write a legal brief.

3. Second False Statement Under Oath: Misrepresentation of Power Surge Causation
Sworn Answer: Defendant submitted evasive responses claiming lack of knowledge of an external power surge or attributing the loss to an excluded environmental cause (e.g., direct lightning strike or wear and tear).
Unrefuted Record: Defendant was fully aware from the inception of the claim—and through the independent forensic inspection report provided by Craig Childs of Preferred Home Services (August 20, 2025)—that the catastrophic electrical destruction resulted from a sudden external power surge entering through the shore power connection. Having conducted no counter-inspection, Defendant had no factual basis to dispute this under oath.

4. Third False Statement & Rule 34 Violation: Suppression of Internal Adjuster Claim Notes Sworn Answer & Suppression: Defendant denied under oath the existence of unproduced internal valuations, call logs, or adjuster assessments conducted prior to coverage denial, and has failed and refused to produce its complete internal claim file pursuant to Plaintiff's Rule 34 production demands.

Record Contradiction: Defendant's own brief confirms that internal adjusting decisions and valuation assessments occurred during telephone communications with Plaintiff, proving that contemporaneous claim notes exist but are being unlawfully suppressed from discovery.

III. LEGAL IMPACT FOR DE NOVO REVIEW BY DISTRICT JUDGE C. AUSTIN

Under 28 U.S.C. § 636(b)(1), the Honorable District Judge C. Austin conducts a de novo review of the full record. A federal district court is not bound to accept arguments from a litigant that repeatedly submits false statements under oath, suppresses mandatory discovery files, and admits to having no independent evidence to rebut the insured's claim. Because Defendant has conceded it possesses no counter-expert evidence, suppressed its internal claim notes, and submitted false sworn answers, Defendant cannot create a "genuine dispute of material fact" under FRCP Rule 56. Under the doctrine of judicial admissions and FRCP Rule 37(c)(1), the Court is fully empowered to strike Defendant's affirmative defenses and establish liability in Plaintiff's favor.

IV. RELIEF REQUESTED

WHEREFORE, Plaintiff Don Michael Burdette respectfully requests that Judge C. Austin, upon conducting de novo review:

Issue an Order pursuant to FRCP Rule 37(c)(1) deeming all facts regarding external power surge causation, lack of Defendant rebuttal evidence, and oral valuation discussions as PERMANENTLY ADMITTED against Progressive;

STRIKE Progressive's affirmative defenses regarding policy exclusions and coverage limitations as a mandatory sanction for withholding Rule 34 claim records, making uninvestigated claim denials, and submitting false sworn responses under oath;

Bar Progressive from introducing or relying upon any unproduced internal claim notes, call logs, or unsworn statements; and

Grant such other and further legal or equitable relief as the Court deems necessary to uphold the integrity of these judicial proceedings.

Respectfully submitted,

Don Michael Burdette, Pro Se
717 Lowndes Hill Road
Greenville, SC 29607
Phone: (864) 712-2439

Date: August 5, 2026