IN THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF SOUTH CAROLINA
GREENVILLE DIVISION

DON MICHAEL BURDETTE,
Plaintiff,
v.
PROGRESSIVE DIRECT INSURANCE COMPANY,
Defendant.

RECEIVED USDC, CLERK GREENVILLE, SC 2026 SEP 15 PM 2:4

CIVIL ACTION NO.: 6:26-cv-00806-JDA-MGB

PLAINTIFF'S EMERGENCY COMBINED MOTION:
EMERGENCY MOTION TO STRIKE MCBRATNEY AFFIDAVIT (DOCKET ENTRY 86-1) AND SUPPRESS EVIDENCE FOR BAD-FAITH RULE 34 VIOLATIONS
MOTION FOR RULE 37 DISCOVERY SANCTIONS AGAINST DEFENSE COUNSEL
MOTION FOR RULE 26(c) PROTECTIVE ORDER REGARDING WITNESS HARASSMENT & TRESPASS
MOTION FOR PARTIAL SUMMARY JUDGMENT PURSUANT TO FED. R. CIV. P. 56 ON EVIDENTIARY LIABILITY AND SPOLIATION

I. INTRODUCTION & PRELIMINARY STATEMENT

COMES NOW Plaintiff Don Michael Burdette, proceeding pro se, and respectfully moves this Honorable Court, under the direct supervision of United States District Judge Jacqueline C. Austin, for an Order striking Docket Entry 86-1 (Affidavit of J. Thomas McBratney III), suppressing all fruits of the unauthorized ex parte inspection conducted at Wags RV and the private residence of non-party witness David Moyd, issuing mandatory sanctions under Fed. R. Civ. P. 37, issuing a Protective Order under Fed. R. Civ. P. 26(c), and entering Partial Summary Judgment under Fed. R. Civ. P. 56.

The material, uncontradicted facts established on the record reveal a systemic pattern of bad-faith discovery tactics executed by Defendant Progressive Direct Insurance Company and its legal counsel (Murphy & Grantland, P.A.):

Undisputed Physical Ownership: Plaintiff is the sole legal owner of the subject 1996 Fleetwood American Tradition motorhome.

Written Legal Notice on File: Plaintiff formally served written notice on Wags RV management explicitly restricting access, revoking any third-party bailment authority, and placing the property under a formal Legal Hold as core physical evidence in active federal litigation.

Evasion of Rule 34 Mandates: Defendant failed to issue a formal Notice of Inspection under Federal Rule of Civil Procedure 34, thereby depriving Plaintiff of his absolute statutory right to receive 30 days' written notice, object, or be present during an inspection of his physical property.

Admitted Covert Entry & Key Custody: In Docket Entry 86-1, affiant J. Thomas McBratney III admits under oath that defense representatives accessed the interior and exterior compartments of Plaintiff's motorhome, took physical possession of the keys from facility staff, and returned the keys only after completing their unmonitored search.

Unauthorized Witness Trespass: Defense representatives subsequently entered onto the private real property of non-party fact witness David Moyd without a Rule 45 subpoena or consent, photographing private utility infrastructure to manufacture evidence.

STATEMENT ON DUE PROCESS AND PROCEDURAL EQUITY

Plaintiff puts this Court on direct notice of the profound prejudice caused by defense counsel's actions. Equal justice under law requires that officers of the court be held to the strict letter of the Federal Rules of Civil Procedure. When corporate defendants and their legal counsel are permitted to execute backdoor inspections, bypass compulsory federal rules, and pressure witnesses outside formal proceedings, it fundamentally impairs due process and public trust in the administration of justice.

II. STATEMENT OF UNDISPUTED MATERIAL FACTS (RULE 56)

Fact 1: Plaintiff Don Michael Burdette is the sole titleholder and legal owner of the 1996 Fleetwood American Tradition motorhome at issue in Civil Action No. 6:26-cv-00806-JDA-MGB.

Fact 2: The vehicle was held at Wags RV purely as a personal courtesy favor to Plaintiff, with no service contract, work order, or commercial bailment in effect, and not under any power of attorney or authorization allowing facility personnel to grant access to opposing litigants.
Fact 3: Plaintiff executed and delivered written notice to Wags RV management terminating any implied authority to surrender keys or allow third-party entries into the vehicle.
Fact 4: Defendant and its counsel were fully aware that the vehicle constitutes the central physical subject matter of this federal lawsuit.
Fact 5: Defendant did not serve a Rule 34 Request for Inspection upon Plaintiff prior to accessing the vehicle.
Fact 6: Defense representatives took physical possession of the vehicle keys from Wags RV staff, unlocked compartments, conducted an unmonitored visual search, and subsequently surrendered the keys back to facility staff, as admitted in Docket Entry 86-1.
Fact 7: In response to Interrogatory No. 8, defense counsel J.R. Murphy certified under oath that Defendant possessed no witnesses or documentation to refute Plaintiff's claims.
Fact 8: Defense representatives entered onto the private residential property of non-party witness David Moyd without a Rule 45 subpoena or express consent, taking unauthorized photographs of private electrical utility boxes. Neither Plaintiff nor Mr. Moyd ever photographed or produced these utility box images.

III. ARGUMENT & LAW

A. DEFENDANT VIOLATED FED. R. CIV. P. 34 AND COMMITTED BAD-FAITH DISCOVERY TRESPASS

Federal Rule of Civil Procedure 34 governs entry upon designated property for inspection. Rule 34(a)(2) explicitly mandates service of a formal request setting forth the time, place, and manner of inspection, guaranteeing the opposing party 30 days to respond or object under Rule 34(b)(2)(A). Defendant bypassed these mandatory procedural rules entirely to conduct an ex parte, unmonitored search.

B. INTERNAL CONTRADICTIONS IN DOCKET ENTRY 86-1 DEMONSTRATE SPOLIATION AND UNAUTHORIZED CONTROL

In Docket Entry 86-1, Defendant claims facility staff unlocked the vehicle, yet affiant J. Thomas McBratney III admits under oath that defense representatives took physical custody of the keys and returned them after the inspection was complete. This sworn admission proves defense representatives exercised unauthorized physical control over core evidence in active litigation.

C. DEFENDANT OPPOSED A JUDICIAL STAY SPECIFICALLY TO EXECUTE AN UNMONITORED, BACKDOOR INSPECTION

The true motivation behind Defendant's aggressive opposition to Plaintiff's motion for a stay is now clear. Defendant fought to block a protective stay not out of procedural necessity, but to preserve an unmonitored backdoor through which its agents could access the primary physical evidence at Wags RV without court supervision or owner presence.

D. A COURTESY HOLDING LOCATION HAS ZERO LEGAL AUTHORITY TO BYPASS RULE 34

Wags RV held physical custody of the vehicle purely as a personal courtesy favor to Plaintiff. A party holding physical property purely as a courtesy favor possesses zero legal authority, ownership interest, or power of attorney to waive an owner's statutory rights, surrender key sets, or grant ex parte discovery access to opposing litigants.

E. DEFENDANT'S CLAIM OF 'NO MALICE' CONFIRMS AN IMPROPER, EX PARTE PURPOSE

Defendant's assertion that its representatives acted without "malice" is legally frivolous. Federal Rule of Civil Procedure 34 is a mandatory procedural boundary designed to protect due process and evidentiary integrity. Electing to bypass Rule 34 to conduct a secret search confirms an improper purpose under Rule 37, regardless of subjective claims of good intentions.

F. DEFENDANT'S CONTRADICTORY INTERROGATORY RESPONSES AND BAD-FAITH EVIDENTIARY SHIFTS

In response to Interrogatory No. 8, defense counsel J.R. Murphy formally represented under oath that

Defendant possessed no witnesses or documentation to refute Plaintiff's claims. Despite this binding disclosure, Defendant subsequently attempted to introduce third-party opinions denying a "lightning strike"—an assertion completely irrelevant to the actual cause of loss involving external high-voltage electrical surge damage.

G. PROCEDURAL EQUITY AND PRO SE DUE PROCESS MANDATE ENFORCEMENT

Earlier in these proceedings, around June 1, 2026, Plaintiff's pro se filings were strictly scrutinized and struck from the docket for technical non-compliance. Plaintiff accepted the Court's directives and aligned his actions with procedural rules. Equity demands that the court enforce Rule 37 sanctions against defense counsel with the exact same strict compliance expected of a pro se litigant.

H. UNAUTHORIZED EX PARTE TRESPASS ON PRIVATE PROPERTY OF NON-PARTY FACT WITNESS DAVID MOYD

On the same day representatives executed the unauthorized entry at Wags RV, Defendant's agents secretly traveled to the private residence of non-party fact witness David Moyd. Without a Rule 45 subpoena or consent, agents entered his private real property and photographed his electrical service box. Neither Plaintiff nor Mr. Moyd ever photographed these boxes; the defense manufactured this evidence through civil trespass upon a non-party witness's land.

IV. PRAYER FOR RELIEF

WHEREFORE, Plaintiff Don Michael Burdette respectfully prays that District Judge Jacqueline C. Austin enter an Order granting the following emergency relief:

STRIKING Docket Entry 86 and Docket Entry 86-1 (Affidavit of J. Thomas McBratney III) from the official court record;

SUPPRESSING AND BARRING any and all photographs, observations, notes, affidavits, or testimony derived from or related to BOTH the unauthorized entry at Wags RV AND the unauthorized entry onto the private residential property of Mr. David Moyd;

ISSUING SANCTIONS against Defendant and defense counsel under Fed. R. Civ. P. 37 for intentional bad-faith evasion of Rule 34 and Rule 45 inspection rules;

ISSUING A PROTECTIVE ORDER under Fed. R. Civ. P. 26(c) barring Defendant from conducting informal, unrecorded telephone contacts with Mr. David Moyd or engaging in unmonitored ex parte investigations targeting Plaintiff's non-party witnesses prior to formal depositions;

GRANTING PARTIAL SUMMARY JUDGMENT under Fed. R. Civ. P. 56 declaring Defendant's unauthorized ex parte entries per se violations of federal discovery procedures and establishing liability for discovery spoliation; and

GRANTING such other and further relief as this Court deems just, proper, and equitable under its jurisdiction.

Respectfully submitted,

Don Michael Burdette, Pro Se Plaintiff
717 Lowndes Hill Road, Greenville, SC 29607
Phone: (864) 712-2439

Morning Instructions for the Courthouse

Step 1: Print out this full brief.

Step 2: Sign your name clearly in blue or black ink above the signature line on the last page.

Step 3: Attach your exhibits in order behind the motion:

Exhibit A: Written Notice served on Wags RV management.

Exhibit B: Email correspondence with defense counsel regarding the inspection.

Exhibit C: Docket Entry 86-1 (McBratney Affidavit) with the key custody admission highlighted.

Exhibit D: Affidavit from David Moyd confirming he gave no consent for defense representatives to enter his land or photograph his utility box.

Step 4: Hand-deliver the original signed package directly to the Clerk of Court at the Greenville Federal Courthouse for entry on Civil Action No. 6:26-cv-00806-JDA-MGB for Judge Jacqueline C. Austin.

CERTIFICATE OF SERVICE

I hereby certify that on September ~~14,~~ 2026, a true and correct copy of the foregoing Plaintiff's Brief and Itemized Line-by-Line Rebuttal was served upon Defense Counsel of record via U.S. First Class Mail and Electronic Mail:

J. R. Murphy, Esq.
Murphy & Grantland, P.A.
P.O. Box 6648
Columbia, SC 29260
Email: jrmurphy@murphygrantland.com

Sept 15th 2026