**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF SOUTH CAROLINA**
**GREENVILLE DIVISION**
**CASE NUMBER: 6:26-cv-00806-JDA-MGB**

| | |
|---|---|
| Don Michael Burdette, pro se,<br>Plaintiff,<br>v.<br>Progressive Direct Insurance Company,<br>Defendant. | **DEFENDANT'S RESPONSE IN OPPOSITION TO PLAINTIFF'S MOTIONS IN DOCKET NUMBERS 104, 105, AND 106** |

Defendant Progressive Direct Insurance Company ("Progressive"), by and through its undersigned counsel, respectfully submits its Response in Opposition to Plaintiff's various motions which are set forth in Docket Numbers 104 and 106, and Proof of Damages in Docket Number 105.

## RELEVANT FACTUAL AND PROCEDURAL BACKGROUND

Plaintiff filed this action against Progressive in the Greenville County Court of Common Pleas, alleging bad faith and breach of contract claims against Progressive. (Dkt. No. 1-1.) In his Complaint, Plaintiff alleges his claim for coverage was wrongfully denied because the damage to his RV was the result of lightning, which he alleges is a covered peril. (*Id.*) Progressive subsequently removed the action to this Court on the basis of diversity jurisdiction and filed its Answer denying Plaintiff's claims. (Dkt. Nos. 1, 2.)

Plaintiff has now filed a Motion to Strike Zachary Yarborough's and Thomas McBratney's affidavits, which Progressive filed as attachments to its Response in Opposition to Plaintiff's previous "Emergency Combined Motion," Dkt. No. 91, and a "Supplemental Emergency Motion Objecting to Defendant's Bad-Faith Shift in Litigation Strategy and Late-Stage Inspection Maneuvers. Dkt. Nos. 104, 106. However, Plaintiff fails to demonstrate any

grounds on which to strike these affidavits submitted in response to alleged discovery violations and fails to set forth any grounds for relief to strike an alleged change in litigation strategy or to enter a protective order against additional discovery requests. Therefore, Plaintiff's motions should be denied.

## ARGUMENT

### I. Plaintiff's Motion to Strike, Dkt. No. 104, should be denied.

The affidavits of Zachary Yarborough and Thomas McBratney which Progressive believes Plaintiff seeks to strike appear to be those filed in support of its Response in Opposition to Plaintiff's Motions to Strike, Suppress Evidence, and Issue Sanctions, Dkt. Nos. 101, 101-1, and 101-2. Rule 26(a)(1)(A)(i) only requires disclosure of individuals "likely to have discoverable information ... that the disclosing party may use to support its claims or defenses." The above-referenced affidavits were filed for the purpose of opposing Plaintiff's requests to suppress relevant and admissible evidence and to oppose his factually incorrect allegations of wrongdoing during discovery, and not to support any discoverable information relevant to the Plaintiff's underlying claims of bad faith and breach of contract. *See* Dkt. No. 101 at 3-6. Fed. R. Civ. P. 26. Thus, Plaintiff's request to strike these affidavits should be denied.

Plaintiff's allegation that the undersigned counsel for Progressive has engaged in filing frivolous motions and improper "extra-judicial demands" is denied. As demonstrated by the entire record to date, Progressive has not filed any frivolous motions but has filed each motion—and numerous responses to Plaintiff's voluminous motions—in the good-faith belief that sufficient legal grounds existed. Further, it is denied that any requests for further inspection of the RV were attached to the bottom of "routine opposition papers." Rather, Progressive's counsel emailed Plaintiff its inspection request after Plaintiff's deposition. (Ex. A, Email to Plaintiff.)

Plaintiff's allegations regarding the entry of his RV have been fully responded to previously in Progressive's Response to Plaintiff's Motion for Sanctions, Dkt. No. 86, and Progressive hereby incorporates its response herein in opposition to Plaintiff's allegations that it acted improperly or buried its responses to his allegations.

Further, as to the inspection request, Progressive's counsel made this request after Plaintiff again failed to respond to all of its discovery requests during his deposition, as further detailed in its Motion to Compel, Dkt. No. 108. This email merely conveyed a request; Progressive did not demand or order Plaintiff to take any action. (*See* Ex. A, Email to Plaintiff.) Moreover, this request does not risk spoliation of evidence, if Plaintiff were to agree to it, as such inspections are relevant and traditionally conducted to preserve evidence or with the consent and monitoring of all parties. Further, Plaintiff's spoliation arguments disregard his own actions spoliating the evidence of the RV's condition post-loss. (Ex. B, Pl.'s Recorded Statement admitting to alteration at 3-5); (Ex. C, Craig Childs' statement including changes made to the RV).

Finally, Progressive is unaware of the "map" or untimely filings to which Plaintiff refers. To the extent he references Progressive's recent filings and Motion to Compel, such submissions were made in good faith or in response to his own additional motions presenting new factual allegations. Dkt. Nos. 101, 108. Progressive has not shifted its argument or strategy in this case; rather, Plaintiff has done so by changing his initial allegation that damage to his RV was caused by a lightning strike, to claiming no lightning strike was involved but only an electrical surge. (*See* Pl.'s Am. Compl. § III ¶¶ 1-7, Dkt. No. 1-1) ("On or about July 15, 2025, the Plaintiff's 1996 American Tradition RV sustained significant electrical damage due to a lightning-induced surge event."). Furthermore, Progressive's counsel did not engage in any improper behavior

during Plaintiff's deposition by requesting he provide relevant materials within the scope of discovery in this case including his financial records showing any damages incurred and amounts paid for the RV and the precise details of how he set up the electrical wiring running to the RV. Rule 26(b)(1), Fed. R. Civ. P.; *See also Cook v. J.M. Smucker Co.*, No. 0:23-CV-242-JFA, 2023 WL 12215354, at *2 (D.S.C. Nov. 7, 2023)("The inadmissibility of evidence at trial due to a specific Federal Rule of Evidence does not negate the discoverability of that same evidence.").

Therefore, the Court should deny Plaintiff's Motion to Strike Plaintiff's filings after September 29, 2026 and the affidavits of Zachary Yarborough and Thomas McBratney as well as Plaintiff's allegations that Progressive has filed frivolous motions and is prohibited from requesting discovery it is entitled to.

**II. Plaintiff's Emergency Motion, Dkt. No. 106, should be denied.**

In his Emergency Motion found in Docket Number 106, Plaintiff repeats his argument that Progressive is changing its position and strategy mid-litigation. As set forth above, Progressive has not altered its strategy, Plaintiff has. (*See* Pl.'s Am. Compl. § III ¶¶ 1-7, Dkt. No. 1-1) ("On or about July 15, 2025, the Plaintiff's 1996 American Tradition RV sustained significant electrical damage due to a lightning-induced surge event."). Plaintiff's request for an inspection of the RV subject to this litigation evidences no intent to alter the position it has taken in this litigation but was made in order to gain relevant evidence pertaining to Plaintiff's own shifting claims.[1] *See* Rule 26(b)(1) ("Parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case").

---

[1] The cases cited by Plaintiff in support of his contention that alteration of strategy mid-litigation is impermissible do not stand for the proposition he contends. *Nourison Rug Corp. v. Parvizian*, 535 F.3d 295, 298 (4th Cir. 2008) addressed a late motion to amend an answer; *In re Asbestos Prods. LiM:J. Litig*. (No. VI), 277 F.R.D. 215,219 (E.D. PM 2011) discusses waiver of personal jurisdiction; and *Silicon Knights, Inc. v. Epic Games, Inc.*, No. 5:07-CV-275-D, 2011 WL

Progressive also denies, as it did previously in greater detail in its Response in Opposition to Plaintiff's Motions in Dkt. No. 91, found in Dkt. No. 101, that it hid the photographs of the utility box associated with Mr. Moyd's home. *See* Dkt. No. 101 at 6. Rather, the photos resulted from its initial claim inspection prior to the initiation of this action, with Plaintiff's permission. *Id.*; (Ex. B, Aff. of Zachary Yarborough ¶¶ 6-9, Dkt. No. 101-2.) Moreover, it did not hide these photographs but produced them voluntarily during discovery. (Ex. D, Production of Breaker Box Photograph.)

Progressive also notes that it disputes the factual allegations set forth in Plaintiff's Proof of Damages and Causation, Dkt. No. 105, to the extent any response is necessary to that pleading. Progressive contends there is no evidence Plaintiff's RV was damaged through a surge event such that it did not act in bad faith or breach its contract with Plaintiff by denying his claim. Moreover, Progressive disputes the damages alleged and extent of those alleged damages.

## <u>CONCLUSION</u>

For the foregoing reasons, Progressive respectfully requests that the Court deny Plaintiff's Motion to Strike, Dkt. No. 104, and Emergency Motion, Dkt. No. 106. Progressive has not improperly shifted its litigation position, withheld evidence, engaged in misconduct, or pursued frivolous filings, and its challenged affidavits and discovery requests were proper and relevant. Progressive further disputes Plaintiff's asserted causation and damages in Dkt. No. 105 and requests such other relief as the Court deems just and proper.

*Signature Page to Follow*

---

1135756, at *3 (E.D.N.C. Mar. 25, 2011) addresses waiver of arguments due to failure to raise them in a brief.

MURPHY & GRANTLAND, P.A.

*s/J.R. Murphy*
J. R. Murphy, Esquire
Federal I.D. No. 3119
P.O. Box 6648
Columbia, SC 29260
T: 803-782-4100
jrmurphy@murphygrantland.com
*Attorney for Defendant, Progressive Direct Insurance Company*

Columbia, South Carolina
October 19, 2026