**UNITED STATES DISTRICT COURT**
**DISTRICT OF SOUTH CAROLINA**
**CHARLESTON DIVISION**

| | | |
|---|---|---|
| Don Michael Burdette,<br><br>Plaintiff,<br><br>v.<br><br>Progressive Direct Insurance Company,<br><br>Defendant. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) | Case No. 6:26-cv-00806-JDA-MGB<br><br>**REPORT AND RECOMMENDATION & ORDER** |

Plaintiff Don Michael Burdette ("Plaintiff"), appearing *pro se*, originally filed this action in the Greenville County Court of Common Pleas, South Carolina, alleging breach of contract and bad faith refusal to pay a first party loss to a recreational vehicle as a result of a reported lightening strike. (Dkt. No. 1-1.) On February 26, 2026, Defendant Progressive Direct Insurance Company ("Defendant" or "Progressive") removed the action to federal court. (Dkt. No. 1.) Before the Court is Plaintiff's Motions for Sanctions and other Miscellaneous Relief (Dkt. Nos. 77; 83); Plaintiff's Motions to Strike (Dkt. No. 88; 104); and Plaintiff's Motion for Partial Summary Judgment and other Miscellaneous Relief (Dkt. No. 91). All pretrial proceedings in this case were referred to the undersigned pursuant to the provisions of 28 U.S.C. § 636(b)(1)(A) and (B) and Local Rule 73.02(B)(2), DSC. Under this authority, the undersigned is authorized: (1) to review Plaintiff's Motions seeking summary judgment as a sanction and submit a recommendation to the District

Judge because such Motions seek dispositive relief;[1] and (2) to review Plaintiff's remaining Motion for Sanctions and Motions to Strike.[2]

For the reasons set forth below, the undersigned recommends Plaintiff's Second Motion for Sanctions and Miscellaneous Relief (Dkt. No. 83) and Plaintiff's Motion for Partial Summary Judgment and Miscellaneous Relief (Dkt. No. 91) be denied. The undersigned denies Plaintiff's remaining Motions (Dkt. Nos. 77; 88; 104).

## BACKGROUND

This civil action arises out of Defendant's alleged "improper denial and handling of an insurance claim filed by the Plaintiff . . . following electrical damage to his RV caused by a lightning-induced electrical surge." (Dkt. No. 1-1 at 2.) Plaintiff alleges that after his "1996 American Tradition RV sustained significant electrical damage due to a lightning-induced surge event" on July 15, 2025, Plaintiff "reported the loss to Progressive" under his policy. (*Id.*) After Progressive "initially denied the claim" as resulting from a "non-covered peril," Plaintiff "obtained a professional report," which stated the "surge was caused by a lightning strike that occurred in the vicinity." (*Id.*) Plaintiff alleges that Progressive thereafter "fail[ed] to honor [its] duty to investigate the claim in good faith." (*Id.*) Plaintiff further alleges that "Progressive has subsequently presented a consolidated denial to the South Carolina Department of Insurance (SCDOI) that fundamentally misrepresents the scientific principles of lightning-induced surges and ignores the weight of the evidence demonstrating a covered peril." (*Id.* at 3.) According to

---

[1] *See, e.g.*, *Guarantee Co. of N. Am. U.S.A. v. Metro Contracting, Inc.*, No. 2:13-CV-02266-PMD, 2015 WL 402909, at *6 (D.S.C. Jan. 28, 2015) ("The better reasoned cases conclude that the issue of Rule 11 sanctions is a non-dispositive matter subject to clearly erroneous review under Rule 72(a), unless the nature of the sanction imposed, i.e., dismissal of the offending claim or defense, is itself dispositive of the claim or defense." (quoting *Giganti v. Gen–X Strategies, Inc.*, 222 F.R.D. 299, 304 n.9 (E.D. Va. 2004)) (collecting cases)).

[2] *See, e.g.*, *Est. of Beland by & through Hayes v. Charleston Cnty. Sherriff's Off.*, No. 1:20-cv-3006-SAL, 2022 WL 304787, at *2 (D.S.C. Feb. 2, 2022) (referring to motions to strike as "non-dispositive pre-trial matters"); *Schmalfeldt v. Grady*, No. 4:17-cv-01310-RBH-KDW, 2017 WL 6628187, at *1 (D.S.C. Dec. 7, 2017) (finding motions to strike are "non-dispositive motions that may be ruled on by order from this magistrate judge.").

Plaintiff, "Progressive's continued refusal to accept the finding of a lighting surge, despite multiple forms of professional evidence confirming the covered peril, constitutes an unreasonable denial and refusal to pay." (*Id.*)

Based on the foregoing, Plaintiff brings causes of action for: (1) Breach of Contract; (2) "Bad Faith Refusal to Pay (Common Law)"; and (3) "Bad Faith Violation (Statutory)." (*Id.*) The Complaint seeks "[a]ctual damages equal to the full value of the covered loss (Total Loss Value of the 1996 Tradition RV), which is at least $233,500.00"; "punitive damages in an amount sufficient to deter future wrongful conduct"; and "[s]tatutory damages, costs, and attorney's fees." (*Id.*)

As noted above, Defendant removed this action to federal court on February 26, 2026 and filed an Answer that same day. (Dkt. Nos. 1; 2.) Shortly thereafter, Plaintiff filed several motions that were dispositive or jurisdictional in nature—this included a motion to remand based on an alleged insufficient amount of controversy to support diversity jurisdiction (Dkt. No. 9.) Those motions were denied in an Order issued by the District Judge on June 1, 2026. (Dkt. No. 52.) Thereafter, Plaintiff moved for an "injunctive stay, preservation of property, and administrative relief," and the undersigned issued a Report and Recommendation ("R&R") on July 14, 2026, recommending the Court deny that motion.[3] (Dkt. Nos. 64; 71.) Per the Amended Scheduling Order, discovery is due by September 28, 2026, dispositive motions are due by November 26, 2026, and mediation is due by October 27, 2026. (Dkt. No. 62.)

On August 17, 2026, Plaintiff filed a document titled, "Omnibus motion for FRCP Rule 37 sanctions, Rule 34 complaint for suppression of claim notes, and notice of repeated perjurious discovery responses and admissions submitted for de novo review." (Dkt. No. 77.) On August 21,

---

[3] Plaintiff's Motion (Dkt. No. 64) is still pending at this time.

2026, Plaintiff filed a document titled, "Emergency motion for terminal sanctions, default judgment, and all-writs act injunctive relief upon newly discovered surreptitious trespass, discovery fabrication, and bad faith default to the Honorable Jacquelyn Austin, United States District Judge." (Dkt. No. 83.) The Court has construed these filings as Motions for Sanctions and Miscellaneous Relief. Defendant filed responses in opposition to these Motions (Dkt. Nos. 85; 86), and Plaintiff has filed a reply brief (Dkt. No. 92).

On September 3, 2026, Plaintiff filed a document titled "Formal objections and motion to strike Defendant's Rule 26 expert disclosures (Thomas J. Kelly/The Warren Group) pursuant to FRCP Rules 26 and 37," which the Court has construed as a Motion to Strike. (Dkt. No. 88.) Defendant filed a response in opposition to that Motion on September 17, 2026 and submitted several documents in support; specifically, its answers to Plaintiff's requests for admission and requests for production, and its expert disclosure and Mr. Kelly's report. (Dkt. Nos. 95; 98-1 through 98-5.) On September 15, 2026, Plaintiff filed a document titled "Emergency combined motion: emergency motion to strike McBratney affidavit and suppress evidence for bad-faith Rule 34 violations; motion for Rule 37 discovery sanctions against defense counsel; motion for Rule 26(c) protective order regarding witness harassment & trespass; motion for partial summary judgment pursuant to Fed. R. Civ. P. 56 on evidentiary liability and spoilation." (Dkt. No. 91.) The Court has construed this filing as Plaintiff's Motion for Partial Summary Judgment and Miscellaneous Relief. Finally, on October 5, 2026, Plaintiff filed a Motion to Strike. (Dkt. No. 104.) Defendant filed a response in opposition on October 19, 2026. (Dkt. No. 111.)

Plaintiff's Motions are ready for the Court's review.

## STANDARDS

The Federal Rules of Civil Procedure enable parties to obtain information by serving requests for discovery upon each other, including interrogatories and requests for production of documents. *See generally* Fed. R. Civ. P. 26–37. These rules are applicable to all litigants, including those who are proceeding *pro se*. *Henderson v. Cleveland*, No. 4:20-cv-2726-SAL-TER, 2022 WL 2106560, at *1 (D.S.C. June 9, 2022). Pursuant to Local Civil Rule 5.01, D.S.C., interrogatories, requests for production, requests for admission, and responses thereto must be served upon other counsel or parties, not filed with the court. *See also* Fed. R. Civ. P. 5(a)(1)(C). Under Rule 26(b)(1), "[p]arties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case." Fed. R. Civ. P. 26(b)(1).

Under Rule 37(a), parties may move for an order compelling discovery if another party "fails to produce documents or fails to respond that inspection will be permitted—or fails to permit inspection—as requested under Rule 34." Fed. R. Civ. P. 37(a)(3)(B). And Rule 37(a)(4) provides that "an evasive or incomplete disclosure, answer, or response must be treated as a failure to disclose, answer, or respond." Fed. R. Civ. P. 37(a)(4). Rule 37(b)(2) provides that if a party fails to obey an order to provide or permit discovery, the Court in which the action is pending may make such orders in regard to such failure as are just, including "rendering a default judgment against the disobedient party." Fed. R. Civ. P. 37(b)(2). Also relevant to Plaintiff's motions, Rule 37(c)(1) provides that "[i]f a party fails to provide information or identify a witness as required by Rule 26(a) or (e), the party is not allowed to use that information or witness to supply evidence on a motion, at a hearing, or at a trial, unless the failure was substantially justified or is harmless." Fed. R. Civ. P. 37(c)(1).

District courts maintain broad discretion in deciding whether to grant or deny a motion to compel. *Lone Star Steakhouse & Saloon, Inc. v. Alpha of Va.*, 43 F.3d 922, 929 (4th Cir. 1995).

## DISCUSSION

### A. Plaintiff's Request for De Novo Review

In several motions, Plaintiff appears to ask the District Judge to resolve his motions rather than the undersigned Magistrate Judge. (*See* Dkt. Nos. 77; 83; 91.) Plaintiff is advised that 28 U.S.C. § 636(b)(1) permits a district judge to designate a magistrate judge to hear and determine any pretrial matter, and for certain enumerated motions or types of proceedings, to submit proposed findings of fact and recommendations for disposition to the presiding district judge. Because Plaintiff is proceeding *pro se*, this matter was referred to the undersigned United States Magistrate Judge to consider all pretrial proceedings and to submit proposed findings and recommendations for disposition, pursuant to 28 U.S.C. § 636(b)(1)(A) and (B). 28 U.S.C. § 636(b)(1); s*ee also Kerr v. Marshall Univ. Bd. of Governors*, 824 F.3d 62, 72 and n.7 (4th Cir. 2016) ("Section 636(b) permits a district court to assign *any* pretrial matter to a magistrate judge.") (emphasis added). Thus, this matter is properly referred to the undersigned, pursuant to 28 U.S.C. § 636(b)(1), and the instant motions shall be considered by the undersigned in the first instance.

### B. Plaintiff's Initial Motion for Sanctions and Miscellaneous Relief (Dkt. No. 77.)

In his initial Motion for Sanctions and Miscellaneous Relief, Plaintiff disputes the sufficiency and veracity of Defendant's responses to his discovery requests and on this basis asks that the Court: (1) deem certain facts as "permanently admitted" "pursuant to FRCP Rule 37(c)(1)"; (2) strike Defendant's "affirmative defenses regarding policy exclusions and coverage limitations"; (3) "bar [Defendant] from introducing or relying upon any unproduced internal claim

notes, call logs, or unsworn statements"; and (4) grant any other legal and equitable relief the Court deems necessary to uphold the integrity of these judicial proceedings. (Dkt. No. 77 at 3.)

According to Plaintiff, Defendant's responses to his discovery requests violated "FRCP Rule 37(a)(4) & Rule 37(c)(1)." (*Id.* at 1.) Notably, Plaintiff has failed to submit any of his underlying discovery requests and Defendant's responses. However, Defendant has provided to the Court its responses to Plaintiff's requests for admission, which were provided to Plaintiff before he filed the instant motion, and its responses to Plaintiff's requests for production, which were timely produced to Plaintiff *after* he filed the instant motion. (*See* Dkt. Nos. 98-1 through 98-5.) Defendant has also submitted a response in opposition to the motion. (Dkt. No. 85.)

While Plaintiff argues that the Court should deem certain facts "permanently admitted" pursuant to Rule 37(c)(1), the Court finds no basis for such a result. As an initial matter, Rule 37(c)(1) does not contemplate such relief. Rather, under Rule 36(a)(3), which pertains to requests for admission, "[a] matter is admitted unless, within 30 days after being served, the party to whom the request is directed serves on the requesting party a written answer or objection addressed to the matter and signed by the party or its attorney." Fed. R. Civ. P. 36(a)(3).

Upon review of Defendant's responses to Plaintiff's requests for admission, the record shows that Defendant largely admitted or denied whether each of Plaintiff's requests were true or not and its objections otherwise comported with the Federal Rules of Civil Procedure. *See* Fed. R. Civ. P. 36. Where Defendant claimed lack of "insufficient information or knowledge to admit or deny," however, it must supplement its response to comport with the requirements of Rule 36(a)(4). *See* Fed. R. Civ. P. 36(a)(4) (providing that a party may "assert lack of knowledge or information as a reason for failing to admit or deny only if the party states that it has made reasonable inquiry and that the information it knows or can readily obtain is insufficient to enable

it to admit or deny"); *see City of Ann Arbor Employees' Ret. Sys. v. Sonoco Prods. Co.*, No. 4:08-cv-2348-TLW-SVH, 2011 WL 13199217, at *5 (D.S.C. Feb. 17, 2011) (permitting supplementation in lieu of deeming insufficient explanations as to lack of knowledge admitted). The Court does not find Defendant provided false, evasive or incomplete responses to Plaintiff's requests for admission such that sanctions are warranted, however.

The Court likewise finds the remainder of Plaintiff's Motion does not warrant the Court's intervention. Here, Plaintiff appears to argue that Defendant has improperly "refused to produce its complete internal claim files pursuant to Plaintiff's Rule 34 production demands." (Dkt. No. 77 at 3.) As Defendant notes, however, Plaintiff filed the instant motion before receiving Defendants' timely responses his Requests for Production. (Dkt. Nos. 85 at 4; 98-4.) And the record shows that Defendants have since produced all "non-privileged claims-file materials" to Plaintiff. (Dkt. No. 98-5 at 3.) Accordingly, the Court declines to entertain Plaintiff's arguments on this issue.

Based on the foregoing, the Court DENIES Plaintiff's Initial Motion for Sanctions and Miscellaneous Relief (Dkt. No. 77). However, Defendant must supplement its responses to Plaintiff's requests for admission to comport with the requirements of Rule 36(a)(4), as discussed herein.

### C. Plaintiff's Second Motion for Sanctions and Miscellaneous Relief (Dkt. No. 83)

In his second Motion for Sanctions and Miscellaneous Relief, Plaintiff asserts that Defendant and its counsel committed "egregious bad-faith conduct, unlawful trespass, discovery hypocrisy, and fraud upon the court" and on this basis asks that the Court: (1) strike Defendant's "answer, affirmative defenses, and all fabricated 'wiring' and 'lightening strike' claims from the record"; (2) find the Defendant "in bad faith default of its litigation duties"; (3) grant default judgment and summary judgment in Plaintiff's favor; (4) "enter an emergency order pursuant to

28 U.S.C. § 1651 enjoining any movement, interference, sale, or destruction of the RV"; and (5) "hold that any unauthorized entry, tampering, or manipulation of the vehicle by the Defendant or its agents shall be treated as direct contempt of court and severe spoilation of evidence." (Dkt. Nos. 83; 83-1.)

In support of his Motion, Plaintiff has submitted a sworn declaration stating that when he visited Wags RV on August 20, 2026, "Johnny informed me that approximately three weeks prior, two unknown men came into the facility. One claimed to represent Progressive, while the other left behind a business card linked directly to opposing counsel J.R. Murphy's firm." (Dkt. No. 83 at 1.) Johnny purportedly told Plaintiff that "these individuals acted with aggressive authority," and Johnny was "intimidated and frightened . . . into believing he was legally required to comply and grant access." (*Id.*) The individuals then entered Plaintiff's "coach" and "conducted an unmonitored walkthrough inside [his] personal property lasting approximately 30 to 40 minutes." (*Id.*) Plaintiff denies ever granting these individuals permission "to access, inspect or enter [his] vehicle." (*Id.*)

Defendant opposes Plaintiff's Motion and has submitted an affidavit from its counsel, J. Thomas McBratney, III, in support. (Dkt. Nos. 86; 86-1.) Mr. McBratney avers that he "arrived at Wags RV and met with Wags RV owner and/or employee Johnny Wagner" on July 31, 2026. (Dkt. No. 86-1 at 1.) After informing Mr. Wagner that he "was an attorney representing Progressive" and wished to "access the 1996 American Tradition RV, which is the subject of the present action, . . . Mr. Wagner provided access to the RV and unlocked the door and the exterior compartments." (*Id.* at 1–2.) According to Mr. McBratney, the RV "was located in the storage lot of Wags RV" along with "a number of other vehicles . . . in various states of repair." (*Id.* at 2.) He avers,

> The RV's exterior compartment and the interior were inspected[4] while I observed from outside the RV. No destructive testing or other damage was done to the RV. The RV was left in the same condition as it was found. None of Plaintiff's personal items were disturbed or removed during the inspection. Following the inspection the keys to the RV were returned to Mr. Wagner.

(*Id.*) Mr. McBratney claims he "believed [they] had permission to inspect the RV because Mr. Wagner provided access to the RV and unlocked it," and he "did not express any concern or reservations about the inspection." (*Id.*)

In its response brief, Defendant submits "that the entry of the RV was performed in the good faith belief that permission was granted from the owner/employee of Wags RV," and it "does not dispute that permission will be requested directly from Plaintiff for any future entry into the RV if such entry is necessary." (Dkt. No. 86 at 2.)

Rule 34 of the Federal Rules of Civil Procedure states:

> (a) In General. A party may serve on any other party a request within the scope of Rule 26(b):
>
> ....
>
> (2) to permit entry onto designated land or other property possessed or controlled by the responding party, so that the requesting party may inspect, measure, survey, photograph, test, or sample the property or any designated object or operation on it.

A court in this district recently emphasized that "[t]he plain language of Rule 34(a) does not require that a party serve a request on another party before entering land; rather, the Rule merely provides that a party "*may* serve" such a request on another party." *Varner v. Target Corp.*, No. 2:23-CV-01834-DCN, 2025 WL 475706, at *4 (D.S.C. Feb. 12, 2025) (quoting Fed. R. Civ. P. 34(a) (emphasis in *Varner*).

[4] Mr. McBratney does not clarify who inspected the RV—presumably it was a representative of Progressive.

Given the permissive nature of Rule 34(a)(2) and the representations in Mr. McBratney's affidavit, the undersigned finds that Defendant's involvement in the July 31, 2026 inspection of Plaintiff's RV does not warrant sanctions. *See*, *e.g.*, *Mut. Fed. Sav. & Loan Ass'n v. Richards & Assocs., Inc.*, 872 F.2d 88, 92 (4th Cir. 1989) (requiring a showing of bad faith, among three other factors, to "insure that only the most flagrant case, where the party's noncompliance represents bad faith and callous disregard for the authority of the district court and the Rules, will result in the extreme sanction of dismissal or judgment by default"). Notably, Defendant has stated it "does not intend to use anything resulting from the July 31, 2026 RV visit in this litigation." (Dkt. No. 101 at 6.)

The undersigned next considers Plaintiff's request for an "emergency order pursuant to 28 U.S.C. § 1651 enjoining any movement, interference, sale or destruction of the RV." (Dkt. No. 83-1 at 2.) The All Writs Act, 28 U.S.C. § 1651, does authorize federal courts to enter orders, "under appropriate circumstances, to persons who, though not parties to the original action or engaged in wrongdoing, are in a position to frustrate the implementation of a court order or the proper administration of justice, and encompasses even those who have not taken any affirmative action to hinder justice." *United States v. New York Tel. Co.*, 434 U.S. 159, 174 (1977) (citations omitted). However, "[t]he powers of the federal courts under the All Writs Act are not unlimited." *United States v. Venneri*, 782 F. Supp. 1091, 1094 (D. Md. 1991); *see also Pennsylvania Bureau of Corr. v. United States Marshals Serv.*, 474 U.S. 34, 42 (1985) (rejecting notion that federal courts may enter orders against non-parties based "upon a mere statement that such an order would be 'necessary or appropriate'"). Plaintiff has cited no authority supporting the view that the Court may employ the All Writs Act to grant the injunctive relief sought here, nor has independent research revealed any precedent for such action. For this reason and for those stated in the

undersigned's July 14, 2026 R&R (Dkt. No. 71), the undersigned recommends denying this request.

Based on the foregoing, the undersigned recommends denying Plaintiff's Second Motion for Sanctions and Miscellaneous Relief (Dkt. No. 83).

**D. Plaintiff's Motion to Strike (Dkt. No. 88)**

In his Motion to Strike, Plaintiff asks that the Court strike and exclude "the expert report and prospective testimony of Thomas J. Kelly, PE, and the Warren Group, Inc., pursuant to FRCP Rule 37(c)(1)." (Dkt. No. 88.) Here, Plaintiff argues that although Defendant answered Plaintiff's Interrogatory No. 8 "that it possessed no factual or expert witnesses regarding property inspections, claim evaluations, or cause of loss," Defendant thereafter served Plaintiff "Rule 26(a)(2) Expert Disclosures designating Thomas J. Kelly, PE of The Warren Group, Inc." (*Id*. at 1.) According to Plaintiff, such conduct violated Defendant's "obligations under Rule 26" because it "failed to timely supplement this [interrogatory] response prior to procuring an unaccounted expert evaluation." (*Id*.)

Defendant opposes Plaintiff's Motion and has submitted several documents in support; specifically, its answers to Plaintiff's requests to admit and requests for production, and its expert disclosure and Mr. Kelly's report. (Dkt. Nos. 95; 98-1 through 98-5.) Defendant asserts that Plaintiff "has not submitted interrogatories to Progressive to date," and note that in response to Plaintiff's Request to Admit No. 4 seeking "all expert & third-party reports," Defendant stated, inter alia, "Progressive Direct has not yet made its expert disclosures pursuant to Rule 26(a)(2), Fed. R. Civ. P., and reserves the right to supplement this Response as discovery is ongoing." (Dkt. Nos. 95 at 3; 98-5 at 5–6.)

Federal Rule of Civil Procedure 26(a)(2)(A) requires that "a party must disclose to the other parties the identity of any witness it may use at trial to present evidence under Federal Rule of Evidence 702, 703, or 705." Furthermore, "a party must make these disclosures at the times and in the sequence that the court orders." Fed. R. Civ. P. 26 (a)(2)(D). If an expert witness is retained, disclosure must be accompanied by a written report containing, among other things, the witness's opinions and "facts or data considered by the witness in forming" those opinions. Fed. R. Civ. P. 26(a)(2)(B). "The purpose of Rule 26(a) is to allow litigants 'to adequately prepare their cases for trial and to avoid unfair surprise.'" *Bresler v. Wilmington Trust Co*., 855 F.3d 178, 190 (4th Cir. 2017) (quoting *Russell v. Absolute Collection Servs., Inc*., 763 F.3d 385, 396 (4th Cir. 2014)). If a party fails to comply with Rule 26(a), the party cannot use that evidence unless the failure was substantially justified or harmless. Fed. R. Civ. P. 37(c)(1).

Upon review, the record shows that Defendant's deadline to disclose its expert witnesses under Rule 26 was August 26, 2026, and Defendant filed its Rule 26(a)(2) expert disclosure on this date. (Dkt. Nos. 62; 84.) Because Defendant complied with Rule 26(a) by timely disclosing its expert witnesses, Rule 37(c)(1) is inapplicable here and sanctions are not warranted. Plaintiff's Motion to Strike (Dkt. No. 88) is therefore denied.

### E. Plaintiff's Motion for Partial Summary Judgment and Miscellaneous Relief (Dkt. No. 91)

In his Motion for Partial Summary Judgment and Miscellaneous Relief, Plaintiff complains again about the alleged unauthorized entry of his RV by Defendant and claims that on that same day, "Defendant's agents secretly traveled to the private residence of non-party fact witness David Moyd" and "photographed his electrical service box." (Dkt. No. 91.) Based on the alleged foregoing conduct by Defendant and its counsel, Plaintiff asks that the Court: (1) strike Defendant's response in opposition to his second Motion for Sanctions and Miscellaneous Relief

and Mr. McBratney's affidavit; (2) suppress and bar any evidence "derived from and or related to both the unauthorized entry at Wags RV and the unauthorized entry onto the private residential property of Mr. David Moyd"; (3) issue sanctions against Defendant and its counsel under Rule 37 "for intentional bad-faith evasion of Rule 34 and Rule 45 inspection rules"; (4) issue a protective order under Rule 26(c) "barring Defendant from conducting informal, unrecorded telephone contacts with Mr. David Moyd or engaging in unmonitored ex parte investigations targeting Plaintiff's non-party witnesses prior to formal depositions"; (5) grant partial summary judgment under Rule 56 "declaring Defendant's unauthorized ex parte entries per se violations of federal discovery procedures and establishing liability for discovery spoilation"; and (6) grant any other legal and equitable relief the Court deems necessary to uphold the integrity of these judicial proceedings. (*Id.*)

As an initial matter, for the reasons stated *supra*, the undersigned finds no sanctions are warranted based on Defendant's involvement in the July 31, 2026 inspection of Plaintiff's RV. While Plaintiff summarily states the Court should strike Mr. McBratney's affidavit (Dkt. No. 86-1) submitted with Defendant's response brief, there is nothing redundant, immaterial, impertinent, or scandalous within that filing. *See* Fed. R. Civ. P. 12(f) (allowing a court, acting either on its own or on a motion, to "strike from a pleading an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter"); *Palmetto Pharms. LLC v. AstraZeneca Pharms. LP*, No. 2:11-CV-00807-SB-JDA, 2012 WL 6025756, at *4 (D.S.C. Nov. 6, 2012) ("[W]hether to grant a motion to strike under Rule 12(f) is within the sound discretion of the court . . . .") (citation omitted), *adopted by*, 2012 WL 6041642 (D.S.C. Dec. 4, 2012).

Turning to Plaintiff's allegations about "Defendant's agents" purported visit "to the private residence of non-party fact witness David Moyd," Defendant asserts that photographs of the utility

box associated with Mr. Moyd's home were "taken during the initial claim inspection prior to the initiation of this action and with the permission of Plaintiff." (Dkt. No. 101 at 6.) In support, Defendant has submitted sworn affidavit testimony from Zachary Yarborough, the "Senior Multi-Line Representative employed by Progressive." (Dkt. No. 101-2 at 1.) Mr. Yarborough states that he arrived at Mr. David Moyd's property on July 31, 2025 "to inspect the RV and take photographs of the RV in response to Mr. Burdette's claim," and he "had permission to do this from Mr. Burdette and Mr. Burdette was present the entire time [he] was there." (*Id.*) Relatedly, Mr. McBratney has submitted a second sworn affidavit, stating that he has "not travelled to or entered onto Mr. David Moyd's property at any time, including during the time that the above-referenced action has been pending, to take photographs or for any other purpose." (Dkt. No. 101-1.)

While Plaintiff disputes the above affidavit testimony (*see* Dkt. No. 103), there is no basis for the Court to intervene based on purported misconduct that occurred prior to the initiation of this action. And Plaintiff's remaining arguments for summary judgment in his reply brief go to the merits of his claims, which are not before the Court at this time. (*See generally id.*)

Based on the foregoing, the undersigned recommends denying Plaintiff's Motion for Partial Summary Judgment and Miscellaneous Relief (Dkt. No. 91).

**F. Plaintiff's Motion to Strike (Dkt. No. 104)**

In his Motion to Strike, Plaintiff complains about purported "untimely post-discovery filings," "bad-faith litigation tactics, frivolous motions, and discovery abuses committed by Defendant . . . and its counsel." (Dkt. No. 104.) Based on this alleged misconduct, Plaintiff asks that the Court: (1) strike Defendant's "untimely filings, maps, and affidavits entered on or after September 29, 2026"; (2) strike the affidavits from Mr. Yarborough and Mr. McBratney at Dkt. Nos. 101-1 and 101-2; (3) "condemn[] and reject[] Defendant's frivolous motions and buried,

unauthorized demands for property access; (4) "bar[] and prohibit[] any post-discovery inspections, document demands, or physical access to Plaintiff's motorhome by Mr. Kelly, Mr. Murphy, or any defense representatives"; and (5) grant any other relief the Court deems just and proper in the interest of justice. (*Id*. at 4.)

At the outset, the undersigned notes that the significant number of Plaintiff's motions has delayed the Court's ability to rule on them, in part because Plaintiff continuously seeks to strike various aspects of Defendant's responsive filings. Specific to the affidavits at issue here (Dkt. Nos. 101-1; 101-2), they were filed by Defendant only for the purpose of opposing Plaintiff's miscellaneous motions. Rule 26(a)(1)(A)(i) requires disclosure of individuals "likely to have discoverable information . . . that the disclosing party may use to support its claims or defenses." There is no evidence Defendant had any intention of using affidavit testimony from these individuals in this action before Plaintiff made their purported conduct an issue in his recent motions. Thus, Defendant's failure to disclose Mr. Yarborough and Mr. McBratney pursuant to Rule 26(a) does not warrant striking their affidavits at Dkt. Nos. 101-1 and 101-2.

Turning to Plaintiff's general allegations about Defendant's purported "bad-faith litigation tactics, frivolous motions, and discovery abuses," the record does not support imposing sanctions. As an initial matter, Defendant has only filed three motions in this action, and none of them are frivolous on their face. (*See* Dkt. Nos. 42; 60; 108.) While Defendant's counsel has requested that Plaintiff allow an in-person inspection of the RV by Defendant's retained expert, such behavior is not improper. As Defendant notes, the "email merely conveyed a request; Progressive did not demand or order Plaintiff to take any action." (Dkt. No. 111 at 3.) And Plaintiff's assertion that "counsel's questioning" at his September 25, 2026 deposition "crossed permissible boundaries into severe harassment" is not compelling. (Dkt. No. 104 at 3–4.) Rather, the circumstances

described by Plaintiff indicate that counsel was requesting relevant materials within the scope of discovery in this case. (*Id.*) As explained by Defendant, counsel was seeking Plaintiff's "financial records showing any damages incurred and amounts paid for the RV and precise details of how he set up the electrical wiring running to the RV." (Dkt. No. 111 at 3–4.)

Based on the foregoing, the undersigned Plaintiff's Motion to Strike (Dkt. No. 104) is denied.[5]

Here, the undersigned notes that Defendant has asked that an Order be entered barring Plaintiff from continuing to file duplicative and repetitive motions. (Dkt. No. 101 at 3.) While the undersigned declines to enter such an Order at this time, Plaintiff is advised that any future duplicative and repetitive motions will be summarily denied on the basis that the Court has already addressed the purported misconduct.

As referenced above, the discovery deadline was September 28, 2026, and dispositive motions are currently due by November 26, 2026. (Dkt. No. 62.) Given the motions currently pending (*see*, *e.g.*, Dkt. Nos. 108; 114; 115) the Court STAYS the dispositive motions deadline at this time.

## CONCLUSION

For the foregoing reasons, it is RECOMMENDED that Plaintiff's Second Motion for Sanctions and Miscellaneous Relief (Dkt. No. 83) and Plaintiff's Motion for Partial Summary Judgment and Miscellaneous Relief (Dkt. No. 91) be DENIED.

IT IS SO RECOMMENDED.

[5] To the extent Plaintiff's filing at Dkt. No. 106 also seeks sanctions, the Court finds no merit to Plaintiff's assertion that sanctions are warranted based on Defendant's purported "improper attempt to fundamentally alter its litigation strategy midstream through unauthorized, late-stage physical inspections." (Dkt. No. 106 at 1.)

The undersigned further ORDERS that Plaintiff's remaining Motions (Dkt. Nos. 77; 88; 104) be DENIED. As discussed herein, Defendant must supplement its responses to Plaintiff's requests for admission to comport with the requirements of Rule 36(a)(4). Defendant's supplemental responses are due by **November 30, 2026**. The dispositive motions deadline is stayed at this time.

IT IS SO ORDERED.

MARY GORDON BAKER
UNITED STATES MAGISTRATE JUDGE

October 30, 2026
Charleston, South Carolina

## Notice of Right to File Objections to Report and Recommendation

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge. **Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections.** "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *see* Fed. R. Civ. P. 6(a), (d). Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

**Robin L. Blume, Clerk**
**United States District Court**
**Post Office Box 835**
**Charleston, South Carolina 29402**

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984).