**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF SOUTH CAROLINA**
**GREENVILLE DIVISION**
**CASE NUMBER: 6:26-cv-00806-JDA-MGB**

| | |
|---|---|
| Don Michael Burdette, pro se,<br>Plaintiff,<br>v.<br><br>Progressive Direct Insurance Company,<br><br>Defendant. | **DEFENDANT'S RESPONSE IN OPPOSITION TO PLAINTIFF'S MOTIONS IN DOCKET NUMBER 112** |

Defendant Progressive Direct Insurance Company ("Progressive"), by and through its undersigned counsel, respectfully submits its Response in Opposition to Plaintiff's motions in Docket Number 112.

**RELEVANT FACTUAL AND PROCEDURAL BACKGROUND**

Plaintiff filed this action against Progressive in the Greenville County Court of Common Pleas, alleging bad faith and breach of contract claims against Progressive. (Dkt. No. 1-1.) In his Complaint, Plaintiff alleges his claim for coverage was wrongfully denied because the damage to his RV was the result of lightning, which he alleges is a covered peril. (*Id.*) Progressive subsequently removed the action to this Court on the basis of diversity jurisdiction and filed its Answer denying Plaintiff's claims. (Dkt. Nos. 1, 2.)

Plaintiff now files an "Emergency Motion to Notice Material Alteration of Docket Nos. 95, 98, & 99" and a "Motion to Strike Altered Unaccorded Expert Report," asserting that Progressive has altered pleadings and an expert report of Tom Kelly. Dkt. No. 112. Plaintiff's allegations are not supported by the record documents filed in these pleadings and, moreover, do not present any appropriate legal ground to strike Thomas Kelly's report. Therefore, Plaintiff's motions should be denied.

**ARGUMENT**

Plaintiff's allegation that the initial expert report of Thomas Kelly contained no "South Carolina Professional Engineer (PE) license seal, authorization stamp, or sworn affidavit" is unsupported by the record. To begin, ECF No. 95 is Progressive's Response in Opposition to Plaintiff's Objections to Defendant's Expert, as set forth in Docket Number 88. ECF No. 95. To the extent Plaintiff is referencing the expert report which was attached as an exhibit to that Response memorandum as Exhibit A, Progressive would show that these exhibits were filed as ECF Nos. 98, 98-1, 98-2, 98-3, and 98-4, as supplemental attachments. Thus, there was no additional report filed with the Court as a part of that memorandum.

Furthermore, the report filed as Exhibit A to that memorandum contained the engineer's stamp to which the Plaintiff refers. ECF No. 98-1 at 5. As a part of its routine service procedure, counsel for Progressive emailed and mailed identical copies of these filings to Plaintiff. (Ex. A, Email Serving Additional Documents to Plaintiff.) Thus, just as the filed expert report contained Thomas Kelly's engineering stamp, the copies served on Plaintiff contained this stamp. Accordingly, Plaintiff's allegations that Progressive altered Thomas Kelly's expert report are unsupported by the record documents.

Moreover, Plaintiff's argument that Thomas Kelly's expert report was required to contain this stamp to be legally sufficient is unsupported by the requirements for a valid expert report under the Federal Rules of Civil Procedure. Rule 26(a)(2) governs the content of expert reports for witnesses retained or specially employed to provide expert testimony. Fed. R. Civ. P. 26(a)(2). The rule requires only a signature – not a professional seal, stamp, or any credential-specific marking. *Id.* This is because the rule's purpose is to provide fair notice to opposing parties of the substance of an expert's anticipated testimony, not to authenticate the expert's

professional credentials through a formal seal. *See id*; *Russell v. Absolute Collection Servs., Inc.*, 763 F.3d 385, 396 (4th Cir. 2014) (noting that, generally, "[t]he purpose of Rule 26(a) is to allow the parties to adequately prepare their cases for trial and to avoid unfair surprise").

The statute cited by Plaintiff only requires professional engineers to obtain and use a seal when submitting documents to public authorities such as building permit applications and construction job site records, not on expert reports submitted in civil litigation. S.C. Code Ann. § 40-22-270. There is no analogous provision requiring a federal court to refuse to accept an expert report lacking a professional seal. *See J.T. Baggerly v. CSX Transp., Inc.*, 370 S.C. 362, 374, 635 S.E.2d 97, 103 (2006) (explaining purpose of statute is to "to shield South Carolina consumers from those who are not properly credentialed pursuant to this State's standards," not exclude expert testimony in the context of an expert credentialed in another state).

Further, Progressive denies that it filed Thomas Kelly's expert report in response to ECF No. 100, as that filing is the Mediation Statement and Certification filed by Progressive in accordance with the Court's Amended Scheduling Order. ECF No. 100; ECF No. 62. There does not appear to be any prior objection to Thomas Kelly's expert report as an exhibit to ECF No. 95 until the present motion.

To the extent that Plaintiff re-alleges his argument that Progressive's counsel has attempted to require an inspection of the RV, Progressive denies this allegation and refers to its prior memorandum addressing these allegations more fully. ECF No. 111 at 3. Therefore, Thomas Kelly's expert report satisfied the requirements of Rule 26(a)(2) and Progressive did not alter its contents or otherwise attempt to force an inspection of the RV. *See id.* Accordingly, Plaintiff's motions for emergency relief and to strike Thomas Kelly's report should be denied.

## CONCLUSION

For the foregoing reasons, Progressive respectfully requests that the Court deny Plaintiff's "Emergency Motion to Notice Material Alteration of Docket Nos. 95, 98, & 99" and "Motion to Strike Altered Unaccorded Expert Report" in Docket Number 112. The record does not support Plaintiff's allegations that Progressive altered Thomas Kelly's expert report or attempted to compel an inspection of the RV, and Plaintiff has identified no valid basis to strike the report under the Federal Rules of Civil Procedure. Accordingly, Plaintiff's motions should be denied in their entirety and an Order be entered barring him from filing further duplicative and repetitious motions on this issue, along with such other relief as the Court deems just and proper.

MURPHY & GRANTLAND, P.A.

*s/J.R. Murphy*

J. R. Murphy, Esquire
Federal I.D. No. 3119
P.O. Box 6648
Columbia, SC 29260
T: 803-782-4100
jrmurphy@murphygrantland.com
*Attorney for Defendant, Progressive Direct Insurance Company*

Columbia, South Carolina
November 2, 2026